THE PEOPLE ex rel. JAMES DONOVAN, Appellant, v. THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW YORK, Respondent.

Under the provision of the New York charter of 1873 (§ 77, chap. 335, Laws of 1873), declaring that members of the uniformed force of the fire department "shall be removable only after written charges shall have been preferred against them," all that is required is that the commissioners should specify in writing the offence with which the member is charged, in any language sufficient to convey that information, and thus enable the accused to be prepared for trial.

(Argued April 8, 1879; decided April 25, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term which reversed the proceedings of the board of commissioners of the fire department of the city of New

York, in removing the relator, a member of the uniformed force of the fire department, and affirming the proceedings of said commissioners.

The facts appear sufficiently in the opinion.

*Douglas A. Levien, Jr.*, for appellant.

*D. J. Dean*, for respondent.

DANFORTH, J.   The relator was a member of the uniformed force of the fire department of the city of New York, and therefore subject to such discipline and government as the respondents should by rules, regulations, and orders prescribe, but removable only after written charges should have been preferred against him, and reasonable notice given of an examination thereof. (Laws of 1873, chap. 335, art. 10, § 77.)

He was dismissed by the commissioners on the 29th of November, 1877, and by the proceeding now before us, seeks to reverse their action on the grounds, *first*. That the charge on which he was tried was so vague, indefinite, and uncertain as to convey no intimation to him of the offence charged, and *second*, that the evidence does not support the finding of the commissioners.

The return shows that among the rules and orders in force at the time in question, was one "forbidding any member, or fireman of said department to engage or participate in any quarrel, altercation, or fighting:" that on the 29th day of October, 1877, a written charge was made against the relator "of conduct prejudicial to good order," with a specification that, "he did have a disturbance on the engine-room floor with foreman Joseph Williams of this command, between the hours of 4.05, and 4.10 P. M. October 28, 1877, at the engine house 193 Fulton street."

A copy of the charge with notice to appear for trial at a time specified was personally served upon him, more than twenty-fours before the time appointed for trial.   We think

the form and substance of the charge and notice was sufficient, and a compliance not only with the statute, but with a due regard for the rights of the accused. It is not required that the commissioners should do more than specify in writing, the offence with which the person was charged, and any language which conveys that information enables him to prepare for trial, and thus answers the purpose sought to be effected by the provision of the law above referred to. It is however insisted that the rule or order said to have been violated is not before us, and this is so, but the return professes to state the substance of the rule, and if more was required, or a copy of the rule itself, a further return should have been obtained.

The second ground of objection must also be disposed of adversely to the appellant. It is apparent that the relator was grossly assaulted by Williams, not only without provocation, but in consequence of the performance by him of an official duty, and the decision of the commissioners might well have been the other way, but it cannot be said that there is no evidence to justify their finding. McLaughlin, the principal witness says: "Williams knocked down Donovan; Donovan recovering got up and went for Williams; I got between him and Williams; had right hand on Williams and left on Donovan, and they were striking at random across me." Donovan at this time had a small knife in his hand; with it he wounded Williams, and the result of the altercation was his death. From this testimony the commissioners may fairly have concluded that Donovan was somewhat too ready to engage in the affray, or that there was a concurrence of his will with that of Williams to fight the quarrel out, or that he used more force than was necessary for self protection, and in either event, his conduct might be deemed "prejudicial to good order," and the charge of "having a disturbance with Williams" justified.

Upon the merits a question of fact was thus presented, and we cannot review its decision upon the weight of evidence. (*People* v. *Board of Police,* 39 N. Y., 518.)

The order of the General Term should therefore be affirmed.

All concur, except MILLER, J., absent.

Order affirmed.