STATE, SEDGWICK R. DEVAULT, PROSECUTOR, v. THE
MAYOR OF THE CITY OF CAMDEN.

In proceedings for the removal of officers and employees in police departments of cities, under the act of March 25th, 1885, the same formalities are not requisite as have been prescribed for inferior criminal prosecutions. It is sufficient if the directions of the statute are substantially observed.

On *certiorari*.

Argued at June Term, 1886, before Justices DIXON and REED.

For the prosecutor, *Howard Carrow.*

For the defendant, *J. Willard Morgan* and *T. B. Harned.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up the action of the mayor of Camden in removing the prosecutor from the office of policeman in that city.

Prior to the passage of the "Act respecting police department-

ments of cities, and regulating the tenure and terms of office of officers and men employed in said departments," approved March 25th, 1885, the prosecutor held his office at the pleasure of the mayor, and hence the only subject of inquiry is whether his removal has been effected in accordance with that act.

The design of the statute is plain. It is not to prescribe any mere form of procedure or to interpose any obstacle in the way of rendering police departments respectable and efficient. It is, on the contrary, to fix substantial safeguards for the purpose of enhancing their value by preventing interference with them except on proper grounds. It requires, in order to the removal of any officer or employee in such departments, that a cause of complaint should be alleged against him, in writing, signed by the person making the charge; that the cause so alleged should be incapacity or misconduct with reference to his official position, nonresidence, or disobedience of some just regulation established for the department; that he should have a fair and public trial upon the charge, after due notice, and with every reasonable opportunity to make defence before the appropriate municipal authority; and that he should be adjudged guilty of the charge.

The province of this court is simply to see that these rights have been secured. Neither the statute nor the dictates of sound policy warrant our going further. The technical rules that have been judicially adopted with regard to inferior criminal prosecutions are not to be applied to these investigations, for while it is proper that proceedings to deprive persons of common rights for alleged crimes should be confined by somewhat strict limits, the removal of incompetent or ill-behaved officials from their exceptional positions of authority and responsibility, should be easy and prompt, and no forms should be requisite which are not in themselves substantial safeguards of justice. *Murdock* v. *Phillips Academy*, 12 *Pick.* 243; *People* v. *Fire Com'rs*, 77 *N. Y.* 153.

In our opinion, the prosecutor was charged, in the mode provided by the statute, with conduct unfit for a policeman, forbidden by the rules of the department and justifying his

Reynolds v. City of Paterson.

·dismissal; was duly tried upon the charge before the proper municipal authority, and was found guilty upon evidence which, whether weak or strong, formed a rational basis for the judgment against him.

His removal was therefore legal, and must be affirmed, with costs.