[Civ. No. 149. First Appellate District.—February 26, 1906.]

PAUL E. CLEU, Respondent, v. BOARD OF POLICE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO, Appellant.

SAN FRANCISCO—POLICE COMMISSIONERS—RULES FOR POLICE DEPARTMENT—POLICEMAN FAILING TO PAY DEBTS—PUNISHMENT.—Under article 7, chapter 3, section 1, of the charter of the city and county of San Francisco, giving the board of police commissioners power to establish reasonable rules for the government and discipline of the police department, and chapter 7 thereof, authorizing the punishment for a violation of such rules by reprimand, fine, or dismissal from the department, the board of police commissioners has power to provide "that any member of the police department neglecting to pay any debt owing by him shall, on complaint by one of his creditors, be punished by reprimand, or fine, or by dismissal from the police department."

Id.—Jurisdiction of Board—Judicial Determination of Indebted-
ness—Bankruptcy of Policeman.—The board of police commis-
sioners, before punishing for violation of such rule, is not required
to wait until a court has passed on the question of the indebtedness
of the policeman, nor is its jurisdiction affected by the fact that
after the charge against the policeman had been lodged, and the
evidence taken, he filed his petition in bankruptcy.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

P. V. Long, City Attorney, W. G. Burke, City Attorney, and A. S. Newburgh, Assistant City Attorney, for Appellant.

J. J. Scrivner, and Leonard Stone, for Respondent.

HALL, J.—This is an appeal by defendants from a judgment vacating and annulling the proceedings of the defendants, the board of police commissioners of the city and county of San Francisco, removing plaintiff from his position as a policeman of said city and county.

Upon the petition of plaintiff a writ of review was issued to the board of police commissioners, to which they made return; from which and the petition it appears that the said board had adopted a rule that "any member of the police department, neglecting to pay any debt owing by him, shall, on complaint by one of his creditors, be punished by reprimand, or fine, or by dismissal from the police department." It was for a violation of this rule that plaintiff was, after trial, dismissed from the department.   Plaintiff contends that the said rule is unreasonable and void, and that the board of police commissioners had no power to make or enforce such a rule.

The charter of the city and county of San Francisco (article 7, chapter 3, section 1) provides that: "The board of police commissioners shall have power: (1) To appoint, promote, suspend, disrate, or dismiss any member of the department in the manner hereinafter provided.   (2) To prescribe rules and regulations for the government, discipline, equipment, and uniform of the department, and from time to time to alter or repeal the same and to prescribe penalties for the

violation of any of such rules and regulations. All such rules and regulations must be reasonable." Another chapter (7) provides that "any member of the department guilty of any offense, or violation of rules or regulations, shall be liable to be punished by reprimand, or by fine to be fixed by the commissioners, or by dismissal from the department; but no fine shall ever be imposed at any one time for any offense exceeding one month's salary." Provision is also made for the manner of making charges, giving notice and for trial. It is from the above provisions of the charter that the board of police commissioners must derive their power to make the rule in question. If the rule concerns the government and discipline of the police department and is reasonable, it must be held to be valid. The board has the right to make all reasonable rules to secure efficiency and good service in the department. Whether or not the rule in question tends to secure efficiency and good service may be tested by contemplating the probable effect on the efficiency of the department if every member thereof violated the rule—if every policeman neglected to pay his debts. In such a case can it be doubted that the efficiency of the department would be greatly impaired, that the public would soon lose all respect and confidence in the department, which would necessarily greatly militate against its usefulness.

In *State ex rel. McKenzie* v. *Hyman*, 22 Ohio C. C. 213, a similar rule of the fire department of the city of Cleveland was upheld. It provided that an officer of the department shall "not sell or assign his salary, or incur or contract any debts or liabilities which he is unable or unwilling to pay, or neglect or refuse to honorably discharge and promptly pay all indebtedness, claims, and judgments and satisfy all executions that may be held or issued against him." In speaking of this rule the court said: "That a strict enforcement of this rule might work great hardship in some cases may be conceded, and yet we are not prepared to say that the rule is an unreasonable one. If members of the department may constantly contract debts without paying them, discredit is likely to come to the department, and the head of the department may be subject to constant annoyance by creditors of those in his department. If one undertakes service in the department, certain important advantages come to him, and

it is not unreasonable that he should be required to look after his debts with greater promptness than one not in the public service.'' Slackness in payment of debts by a fireman would have much less effect on his efficiency as a fireman than would the same slackness on the part of a police officer. A fireman in the discharge of his duties is mainly confined to work in extinguishing fires, and he touches the public at fewer points than does a police officer in the discharge of his duties. A police officer is intimately connected with the enforcement of all laws and ordinances concerning crimes, and is an important factor in preserving the peace and good order of the community. His efficiency in this regard largely depends upon the respect and confidence in which he and his associates are held by the citizens. A course of conduct, such as neglecting to pay his debts, that forfeits such respect tends to interfere with his usefulness as an officer. It must be borne in mind that the rule under discussion, as to penalty for a violation thereof, is quite elastic. The penalty may be a reprimand, a fine, or dismissal, as the special circumstances of the case may warrant. It must be presumed that the board, in enforcing such a rule, will act in good faith for the welfare of the service, and not for purposes of oppression. A wide discretion must be lodged in the board in determining what conduct on the part of members of the department is injurious to the efficiency of the department. We cannot say that the rule in question here is not reasonable, and does not tend to promote the efficiency of the department.

In such a case as this the board of police commissioners are not required to wait until a court has passed on the question of the indebtedness of the party charged before them. (*People* v. *French,* 32 Hun (N. Y.), 112; *People* v. *Commissioners,* 93 N. Y. 97; *People* v. *Commissioners,* 77 N. Y. 153; *People* v. *Commissioners,* 11 Hun (N. Y.), 403.) The fact that after the charge had been lodged against plaintiff with the board, and the evidence taken, plaintiff filed his petition in bankruptcy did not oust the board of its jurisdiction to proceed. The breach of the rule had already occurred, and the plaintiff had already subjected himself to the penalty that the board might see fit under the rule to impose.

For the reasons above set forth, the judgment is reversed.

Harrison, P. J., and Cooper, J., concurred.