17]
JANUARY TERM, 1914.
505

State ex rel. Arnold v. Common Council, 157 Wis. 505.

STATE EX REL. ARNOLD, Appellant, vs. COMMON COUNCIL
OF THE CITY OF MILWAUKEE and another, Respondents.

*April 10—June 17, 1914.*

*Officers: Removal: Milwaukee city charter: Power of common council to remove cannot be delegated: Taking of evidence by committee: Right to hearing before council itself: Charges: Sufficiency.*

1. Under sec. 7, ch. XIX, Milwaukee city charter—providing that a majority of all members-elect of the common council shall have power to remove officers of the city for malfeasance in office and that the council shall provide by ordinance the manner of hearing and disposing of complaints against such officers,—such power of removal cannot be delegated by the council to another body nor to a committee of its own members.

2. In a proceeding for the removal of such an officer for cause, the substantial principles of the common law affecting private rights must be observed. The officer must be accorded the right to seasonably know the charges against him, the right to meet such charges by competent evidence, and the right to be heard by himself or by counsel upon the probative force of the evidence adduced by both sides and upon the law applicable thereto.

3. The evidence in such a case may be taken by a committee of the council appointed for that purpose, and if read to the council before it acts upon the report of the committee will be deemed to have been taken before the council.

4. But the right of the officer to be heard either personally or by his counsel before the common council itself, which body alone has the right to remove, cannot lawfully be denied, even though his counsel were allowed oral argument before the committee.

5. The authority given by the charter to the council to prescribe the manner of hearing did not include power to suppress or destroy a substantial constituent element of the hearing; but the council may reasonably limit and control the length of time for oral argument.

6. In the making of charges against an officer sought to be removed the accuracy of a legal pleading is not required, it being sufficient that it appears that he is thereby fairly informed of the general nature of the charge so that he can meet it upon the hearing.

APPEAL from a judgment of the circuit court for Milwaukee county: A. H. REID, Judge. *Reversed.*

Proceedings to remove the relator, *Louis A. Arnold,* from the office of tax commissioner of the city of Milwaukee, which office he held for a definite, fixed term. Five separate charges were brought before the common council of the city of Milwaukee against the relator for malfeasance in office, the first of which reads as follows:

"That *Louis A. Arnold,* as tax commissioner of the city of Milwaukee, has violated the spirit and the letter of the civil service law in the matter of discharges of persons under him from office, and that he violated said law in conspiring and conniving to defeat the ends and purposes of said law in making appointments, and in support of this charge, I point out, that during the time that said *Arnold* has been in office that he has made more discharges of assessors under him than have been made by his predecessors, Tax Commissioners Brown, Bruce, Hooker, and Schutz, covering a period of more than sixteen years."

Upon this charge the common council of the city of Milwaukee found that *Louis A. Arnold,* as tax commissioner of the city of Milwaukee,

"is guilty of malfeasance in office in said city of Milwaukee in that he has violated the provisions of the statutes of the state of Wisconsin relating to civil service in cities by removing and discharging each of the following named persons from the office of assessor for political cause, no other cause for such removal being then existing or honestly maintained by him as such tax commissioner; that is to say, in removing and discharging Thomas F. Hayden, assessor of the Third ward; Nicholas Noll, assessor of the Tenth ward; William Bannen, assessor of the Sixteenth ward; Otto F. Salick, assessor of the Twenty-second ward, and Fred J. Huennekens, assessor of the Twenty-third ward, as found and set forth in the report of said special committee, and such conduct on the part of said *Louis A. Arnold* constitutes cause for his dismissal from the office of tax commissioner of the city of Milwaukee."

The common council also found him guilty of three other

charges, and that his misconduct in each instance constituted cause for his removal from office. Ch. XVI of the General Ordinances of the city of Milwaukee, material upon the question of the regularity of the hearing given the relator by the common council, reads as follows:

## "CHAPTER XVI.

### "IMPEACHMENT TRIALS.

"Section 1. *Service of charges, etc.* Whenever any specific charges of official misconduct shall be preferred in writing against any member of the common council of the city of Milwaukee, or any other officer of said city, and the common council shall determine to investigate the same, and shall appoint a committee for the purpose of conducting such investigation, it shall be the duty of such committee to fix on a time and place for the hearing of such charges, and a copy of the same, signed by the chairman of such committee, together with a citation for the accused to appear and answer the same at the time and place fixed on as aforesaid, shall be served by the chief of police or by any police officer of said city, by delivering to the party accused a copy of such charges and citations, or by leaving a copy thereof at his usual place of residence at least five days before the time set for hearing, as aforesaid.

"Section 2. Every officer so cited before such committee shall, at the time and place fixed for said hearing, appear either in person or by counsel, and answer to said charges, and may for good cause shown, have a continuance of the investigation for such period as the committee may determine, not exceeding thirty days. He may bring witnesses and be heard before such committee, either in person or by counsel in his defense.

"Section 3. The city clerk shall, upon application, issue, under the seal of the city, subpœnas for the attendance of witnesses and the production of papers, either on behalf of the prosecution or the defense.

"Section 4. After the evidence and arguments on said hearing shall be concluded said committee shall report such evidence to the common council, with such recommendations as they may deem proper.

"Section 5. Whenever such committee shall report that

the charges against the accused are, in their opinion, well founded, the evidence taken before the committee may be read before the common council before action is taken upon the report of the committee, and the common council may, in their discretion, hear further testimony, either on behalf of the prosecution or defense.

"Section 6. As soon as practicable after the hearing shall be concluded, the common council shall proceed to vote *viva voce* upon the question of the dismissal of the accused from office, and if upon such vote a majority of all the members elect of the common council shall vote in favor of the dismissal of the accused, he shall be considered as dismissed from office, and his office shall thereupon be vacant."

Upon *certiorari* to the circuit court for Milwaukee county to review the proceedings of the common council the court set aside each of the findings of the common council, except the first, on the ground that the action of the council thereon was without jurisdiction. As to the first finding the court held that it was supported by evidence; that the acts therein charged and found to be true constituted malfeasance in office; that the finding was made with jurisdiction and regularity, after full and proper opportunity on the part of the relator to be heard in defense; and that such finding should be affirmed. Judgment was entered affirming the action of the common council in dismissing the relator from office and in declaring the office vacant. From such judgment the relator appealed.

For the appellant there was a brief by *Doerfler, Green & Bender,* and oral argument by *W. L. Bender.*

For the respondents there was a brief by *M'Cabe & Dahlman,* and oral argument by *L. A. Dahlman.*

The following opinion was filed May 1, 1914:

VINJE, J. Two main questions are raised upon the appeal of the relator. First, Did he have the *hearing* which the charter of the city of Milwaukee and the law provide for; and if so, second, Did the evidence in any reasonable view

thereof sustain the finding of the common council affirmed by the circuit court?

Sec. 7 of ch. XIX of the city charter provides that "a majority of all the members-elect of the common council shall have power to dismiss from office, for malfeasance in office in said city, any person elected or appointed to office in said city, except justices of the peace. And the common council shall provide by ordinance the manner of hearing and disposing of complaints against such officers." Sec. 8 of the same chapter is entitled "Investigation of charges of official misconduct," and in substance provides for the appointment of a committee to investigate and report upon the charges preferred under the section with power to take testimony and administer oaths. The next section provides for the subpœna of witnesses and penalty for perjury. Counsel for relator make a strong argument that secs. 8 and 9 have no relation to sec. 7 and cannot be resorted to in aid of the validity of an investigation for malpractice under sec. 7. Whether such argument is well founded need not now be determined. Sec. 7 provides that the common council may by ordinance provide the manner of hearing and disposing of complaints under said section, and ch. XVI of the General Ordinances, set out in the statement of facts, was evidently enacted in execution of such delegated power, and it appears that the common council attempted to proceed under the provisions of sec. 7 and the ordinance enacted in pursuance thereof. So it becomes needless to inquire into the effect of secs. 8 and 9 of ch. XIX of the city charter.

It is obvious from the provisions of sec. 7 that the power to remove an officer of the city is vested in the common council. It is equally obvious that by direct implication at least such section also provides for a hearing of the charges against the accused. Upon familiar principles the power given the common council to remove cannot by it be delegated to another body nor to a committee of its own members. Such power

**510**　SUPREME COURT OF WISCONSIN. [JUNE

State ex rel. Arnold v. Common Council, 157 Wis. 505.

must be exercised by itself. *Darmstatter v. Passaic,* 81 N. J. Law, 162, 165, 79 Atl. 545; 28 Cyc. 440, 441; 2 Dillon, Mun. Corp. (5th ed.) § 480; 2 McQuillin, Mun. Corp. § 563. And where, as here, the removal is for cause, the proceeding is *quasi*-judicial in character and, in the absence of controlling provisions to the contrary, the substantial principles of the common law affecting private rights must be observed. *Ekern v. McGovern,* 154 Wis. 157, 142 N. W. 595; *People ex rel. Keech v. Thompson,* 94 N. Y. 451, 465; 2 Dillon, Mun. Corp. (5th ed.) § 480. The charter, therefore, as well as the law applicable to the proceeding, accorded to the relator the right to a hearing before the body vested with the power to remove.

The relator claims he was denied a hearing in two respects: First, because the evidence was not taken before the common council, but before a committee thereof, and second, because he was denied the right to be heard by the common council by attorney before it acted upon the report of the committee. The first challenge of the regularity of the proceedings we hold not well taken. It is a familiar practice in legal proceedings to refer the taking of evidence to a referee or person other than the court and to report such evidence as well as the conclusions of the referee or person taking the evidence thereon to the court to act upon. Evidence so taken, reported, and acted upon by the court must in contemplation of law be deemed taken before the court. The necessity of so taking testimony by courts is quite apparent to those conversant with judicial proceedings. Much more so was there a necessity for the appointment of a committee to take the evidence in this proceeding. Over 400 printed pages of testimony are reported to this court, the taking of which, with intermissions, required weeks of time. It was not practicable for all the members of the common council to devote so much time to it. All the evidence taken was read to the common council before it acted upon the report of the com-

mittee. It must therefore, in contemplation of law, be deemed to have been taken before the common council, and that in this respect the proceeding was regular.

The repeated refusal of the common council to grant either the written or oral request of the relator to hear his counsel before acting upon the report of the committee stands upon a different basis. There are at least three substantial elements of a common-law hearing: (1) the right to seasonably know the charges or claims preferred; (2) the right to meet such charges or claims by competent evidence; and (3) the right to be heard by counsel upon the probative force of the evidence adduced by both sides and upon the law applicable thereto. If either of these rights is denied a party, he does not have the substantials of a common-law hearing. *Ekern v. McGovern,* 154 Wis. 157, 277 *et seq.,* 142 N. W. 595, and cases cited. That the word "hearing" includes oral argument is expressly ruled by the following cases: *Miller v. Tobin,* 18 Fed. 609, 616; *Joseph D. G. Co. v. Hecht,* 120 Fed. 760, 763; *Merritt v. Portchester,* 8 Hun, 40, 45; *Babcock v. Wolf,* 70 Iowa, 676, 679. See, also, *Akerly v. Vilas,* 24 Wis. 165, 171. Indeed, the idea of the right of a person to be heard by himself or counsel when his property or his personal rights are questioned was so early and. firmly imbedded into the groundwork of our jurisprudence that it is difficult to find instances where it has been challenged even in *quasi*-judicial proceedings. The importance and value of such right is considerable in nearly every case. It is the office of counsel to marshal the facts proven, to point out their relative importance, and to interpret them in the light of the law applicable thereto. When this is properly done the judicial mind is enlightened and is in condition to decide the questions presented with full knowledge of the facts and the law involved. Its importance in the present proceeding is apparent when it is borne in mind that the evidence taken by the committee was very voluminous, was read to the common

512    SUPREME COURT OF WISCONSIN.  [June

State ex rel. Arnold v. Common Council, 157 Wis. 505.

council at a number of different sessions separated by considerable intervals of time, and was wholly circumstantial in character. The right of the relator either personally or by counsel to argue the evidence and the law to the common council, which body alone had the right to remove, is unquestioned. That the denial of such a right was prejudicial follows from what has been said. Nothing herein contained must be construed to question the right of the body before whom a hearing is had to reasonably limit and control the length of time for oral argument. Limitation exercised in that respect would be judicially interfered with only in case of an obvious abuse of discretion.

The fact that counsel for relator were allowed oral argument before the committee is beside the question. The committee was not the body vested with the power of removal. It could only report the evidence taken with its conclusions thereon to the common council for action. The hearing granted the relator was a hearing before the common council, which alone had the right to remove. The arguments made before the committee were not heard by nor read to the common council. They could, therefore, in no wise aid or influence it in its judgment upon the matter. The committee consisted of five members, the common council of thirty-seven.

The trial court seemed to be of the opinion that, inasmuch as the common council could by ordinance prescribe the manner of hearing, it could therefore refuse to hear oral argument. In the first place the ordinance is silent upon the question of oral argument before the common council, so it had not by ordinance prescribed a hearing without oral argument. In the second place, authority to prescribe the manner of a hearing does not include the power to suppress or destroy a substantial constituent element of the hearing itself.

Upon the oral argument the sufficiency of the charges was

challenged.   So far as such challenge relates to the charge held proven by the court it cannot be successfully maintained. The accuracy of a legal pleading is not required in such proceedings.   It is sufficient if it appears that the officer sought to be removed is fairly informed of the general nature of the charge so that he can meet it upon the hearing.   This the first charge did.   True, it was not as definite as it could have been made, but the evidence made it definite, and he had ample opportunity to meet the charge made by the proof by counter evidence.

Since we have reached the conclusion that the relator was denied the substantial rights of a hearing secured to him both by the language of the charter and the law otherwise applicable to the removal proceedings, it becomes unnecessary to consider the sufficiency of the proof relating to the charge upon which he was adjudged guilty.

*By the Court.*—Judgment reversed, and cause remanded with directions to reverse the action of the common council of the city of Milwaukee finding the relator guilty of malfeasance in office and declaring the office vacant.

BARNES, J. (*concurring*).   I concur in the opinion solely on the ground that I do not think any other conclusion could be reached that would be in harmony with what is decided in the *Ekern-McGovern Case.*   I did not think that that decision was a correct exposition of the law as it existed before the decision was announced, and I am still of that opinion. However, that case states the law as it is now, and we are all bound to respect it regardless of any opinion that may be entertained as to the correctness of the decision when made.

A motion for a rehearing was denied, with $25 costs, on June 17, 1914.