281 P.2d 125

James E. WALKER, Jerry I. Hill and Bruce Whitaker, Appellants,

v.

H. L. DUNHAM, Howard W. Gibbons, and J. H. McNeill, composing the Civil Service Board of the City of Phoenix, and LeRoy Brenneman, Secretary of the Civil Service Board of the City of Phoenix, Appellees.

No. 5828.

Supreme Court of Arizona.

April 12, 1955.

Croaff & Croaff, and W. T. Choisser, Phoenix, for appellants.

William C. Eliot, City Atty., and Fred F. Bockmon, Asst. City Atty., Phoenix, for appellees.

420

WINDES, Justice.

Appellants, James E. Walker, Jerry I. Hill and Bruce Whitaker, were police officers of the city of Phoenix. On December 15, 1951, Walker and Hill received separation notices stating:

"* * * That you have violated the following provisions of Rule VIII of the Civil Service Rules of the City of Phoenix:

"Rule VIII(b) That you have been offensive in your conduct toward the public, and a ward of the City of Phoenix.

"Rule VIII(d) That you have violated a lawful and official regulation and failed to obey the lawful and reasonable direction given to you by your superior officer, which amounts to a serious breach of discipline and which may reasonably be expected to result in lower morale in the organization and to result in injury to the City and the public.

"Rule VIII(i) In that you have been guilty of conduct unbecoming an officer or employee of the City of Phoenix."

On the same day Whitaker received a suspension notice charging:

"* * * That you have violated the following provisions of Rule VIII of the Civil Service Rules of the City of Phoenix:

"Rule VIII(a) That you have been incompetent and inefficient in the performance of your duties.

"Rule VIII (d) That you have violated a lawful and official regulation and failed to obey the lawful and reasonable direction given you by your superior officer, which amounts to a serious breach of discipline and which may reasonably be expected to result in lower morale in the organization and to result in injury to the City and the public."

The aforesaid officers made written answer to the charges and appealed to the Civil Service Board of Phoenix. After hearing and the receipt of evidence concerning the charges, the board sustained the dismissal of officers Walker and Hill and the suspension of officer Whitaker. The officers brought the matter to the superior court of Maricopa County by writ of certiorari. Return was made by the civil service board of the record including a transcript of evidence. After hearing had thereon, the lower court rendered judgment affirming the action of the board. Appellants are here claiming the superior

court erred because (1) the civil service board was without jurisdiction to proceed with the hearing and (2) the evidence did not sustain the findings of the board that the officers were guilty of the charges set forth in the notices.

Rule VIII referred to in the aforementioned notices sets forth various causes upon which an officer may be removed or suspended, among which are the following:

"(a) That the employee is incompetent or inefficient in the performance of his duty.

"(b) That the employee has been offensive in his conduct toward his fellow employees, wards of the City, or the public.

"(d) That the employee has violated any lawful or official regulation or order or failed to obey any lawful and reasonable direction given him by his superior officer when such violation or failure to obey amounts to insubordination or serious breach of discipline which may reasonably be expected to result in lower morale in the organization or to result in loss, inconvenience, or injury to the City, or the public.

"(i) That the employee has been guilty of any conduct unbecoming an officer or employee of the City."

This rule also provides that the city manager shall sign an order which shall constitute the notice of separation and the "specific charges which shall be set forth clearly and with such particularity as will enable the employee to understand the charges made against him and to answer them."

It will appear that the notices herein charged the officers in the language of the rule and did not specifically set forth the facts which it was claimed constituted the violation of the rule. Appellants contend that the board cannot secure jurisdiction to proceed with the hearing by the filing of charges in this form. They urge that they cannot be put on trial in such manner. Their conduct in the proceedings refutes the possibility they are in any manner prejudiced by being tried without more specific charges. They without objection or request for more specific charges filed written answer denying the charges. Before any evidence was introduced, they were advised they were accused of beating a boy, one Manuel Mendez, on December 12, 1951. They proceeded with the hearing and reception of evidence on these charges without objection. Under these circumstances appellants waived the right to have the charges against them made more specific and the charges being in the language of the rule were sufficiently specific to give the board jurisdiction to proceed with the hearing. It is unnecessary to pass upon the power of the board to proceed with a hearing if upon request an employee was

denied the right to be furnished more specific charges.

 There is no semblance of merit to the contention of the appellants that the evidence will not sustain the charges made. The court does not weigh the evidence on certiorari. The most it will do is review the same to determine whether there is any evidence to sustain the finding of the board. *Gibbons v. Finley*, 77 Ariz. 391, 272 P.2d 610. Several disinterested witnesses testified to observing officers Walker and Hill unmercifully beat and kick the prisoner, Manuel Mendez, who the evidence shows was intoxicated. The evidence will support the board in finding that the officers kicked the prisoner while down and went far beyond the use of force necessary to subdue him and were, therefore, guilty of offensive conduct towards a ward of the city or guilty of conduct unbecoming an officer.

There was evidence from which the board might well find that officer Whitaker, while not an active participant in the beating of the prisoner, stood by and made no attempt to interfere for his protection. This would warrant the suspension order under the charge of being incompetent and inefficient in the performance of his duties.

Judgment affirmed.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.