The within case is an appeal to the court from the action of the defendant board in dismissing the plaintiff from the police force of the city of Torrington.
The board of public safety of the city of Torrington, the defendant herein, was created by virtue of an amendment to the city's charter enacted in 1935. 22 Spec. Laws 196; Tremp v. Patten, 132 Conn. 120,122. Section 3 thereof provides that "[s]aid board shall have control, management and supervision of the police and fire departments of said city," and *Page 148 
"shall have power . . . to appoint all officers, regular and supernumerary; to remove, suspend without pay, discipline and punish . . . all officers and members" of those departments. Section 5 provides, so far as is material to the problem at bar: "Said board shall not . . . remove, expel, reduce in rank or suspend without pay any member of . . . the police department except for cause found after hearing on charges made in writing. . . . Any member who shall have been removed by said board may appeal to the [Court of Common Pleas] for Litchfield county. . . ." See General Statutes § 7742.
The record brought before the court for review discloses the following matters among others: The plaintiff became a member of the police force of the city of Torrington in January, 1952. On September 21, 1956, following notice in writing served upon him, he appeared with counsel before the board to answer three charges. These charges read: "1. On August 4, 1956, failure to report theft of lawnmower belonging to Christopher J. Crowley. 2. Subsequent to said date, failure to cooperate with your superior officers in the Torrington Police Department in the investigation of said theft, and your withholding of information concerning said theft from the Chief of Police and his assistant. 3. On August 4, 1956, and subsequent thereto, conduct unbecoming an officer, and insubordination." The hearing on these charges occupied two hours. During this time the board heard the testimony of the chief of police and considered the sworn statements of various persons. Counsel for the plaintiff was accorded an opportunity to cross-examine the chief and to discuss with the board the subject matter of the sworn statements. So also the plaintiff under the guidance of his counsel was permitted to give his version of those matters which had lead to the preferring of charges against him. Following an executive *Page 149 
session of deliberation which lasted an hour, the mayor as chairman announced the board's decision: "The Board finds the charges against Police Officer Lawrence Gaudette have been proven and that his suspension without pay was justified, and it is hereby ordered that the said Lawrence Gaudette is expelled and removed as a member of the Torrington Police Department."
In his appeal to the court the plaintiff assigns as grounds that the action of the board was illegal, arbitrary and in abuse of discretion. As argued before the court on the record presented for review, the plaintiff's grievance is not concerned with his earlier suspension by Chief Meade without pay, but with his permanent dismissal by the board as a member of the police force.
The predicament that the plaintiff finds himself in had its origin in the first hour of the morning of August 4, 1956. Viewed most favorably to the plaintiff, the following situation occurred: He was on duty after midnight, and the course of his rounds took him to the rear of Crowley's store to check doors. He there found Anthony Gawrych and Frederick Petrovits seated in a parked car in the rear yard. He recognized these men as brother officers and knew that they were off duty. One of them stated to him that he had something to pick up. Both of the men then got out of the car, approached a power lawnmower in the shadows alongside of a shed, put it in the car, and drove off through an alley leading to the street. The plaintiff did not ask any questions and did not make a note of the incident in an official book he carried on his person. Nor did he report the incident to his sergeant, whom he saw shortly thereafter. The undisputed fact is that in removing the lawnmower Gawrych and Petrovits committed an act of theft. They were subsequently presented before the Municipal Court and *Page 150 
found guilty of that offense. Parenthetically, it is noted that the plaintiff stood trial with these men and was acquitted.
The burden of proof in a criminal proceeding is more stringent than in a civil proceeding or in a hearing before an administrative board such as the defendant board. Hence the plaintiff's acquittal in the Municipal Court of a criminal offense regarding the removal of the lawnmower is decisive of nothing in so far as the charges in question are concerned. It may be that the plaintiff did not realize that his two brother officers were dedicated to stealing the lawnmower in question. However, when Chief Meade and his assistant put the situation to him on the morning of August 8, 1956, he then knew beyond all question that his brother officers, Gawrych and Petrovits, had in fact committed a criminal offense in his presence. Yet it took the plaintiff nearly two hours to be prevailed upon to disclose the identity of the culprits when ordered to do so by his chief. At one point during that interrogation he suggested that he be suspended to avoid such disclosure.
In his testimony before the board, the plaintiff stressed what he considered to be loyalty to brother officers notwithstanding the fact that they may be wrongdoers, and his reluctance to be branded as a squealer. These considerations on the part of the plaintiff appear to have transcended any sense of obligation he felt as a police officer and any recognized duty owing by him to the municipal government and to the public. That he eventually disclosed the identity of his two brother officers after a prolonged questioning by his chief does not validate his earlier position. "The plaintiff as a member of the police force . . . was a public officer. . . . It was a part of his obligation as such officer to obey the *Page 151 
proper orders of his superiors in the police department."Tremp v. Patten, 132 Conn. 120, 125.
It has been said that the expression "conduct unbecoming an officer" is "a very elastic term, depending upon individual conceptions of what belongs to the office of a policeman." People ex rel. Dougan
v. Greene, 89 N.Y.S. 1067, 1068; see Becker v. Merrell,155 Fla. 379, 382. But the other specifications alleged in the second and third charges against the plaintiff relating to matters subsequent to August 4, 1956, are not susceptible to such elasticity. The plaintiff's attitude on August 8 in the presence of his chief evidenced lack of co-operation in the investigation of a theft, the withholding of information until it was dragged out of him, and insubordination to a marked degree. The whole picture is one of conduct unbecoming a police officer in the realistic sense of that expression.
The decision of the board regarding the second and third charges relating to events subsequent to August 4, 1956, is clearly sustainable on the record. The quantum of proof has been satisfied. See Conley
v. Board of Education, 143 Conn. 488, 497. That the first charge may not be sustainable if the plaintiff's version of what took place in the rear of Crowley's on the early morning of August 4, 1956, is viewed tolerantly is of no moment. The decision of record is supported in other respects. And that is sufficient. The finding as it relates to the second and third charges establishes that the plaintiff was derelict in his obligation to his superior officers, to his brother officers other than those involved in the theft, and in his duty to the municipal government and public he was serving.
In argument the plaintiff's counsel urges that in any event his dismissal from the police force was the infliction of a penalty greater than the circumstances *Page 152 
justified. This argument is one seeking clemency. On this aspect the court has no discretionary powers. Compare State v. Mendill,141 Conn. 360, 363, and cases cited. The rule regarding the limitation of review on penalties imposed in criminal cases, reflected in the foregoing citation, has been substantially followed in the setting of a penalty by an administrative board. Gibson v. ConnecticutMedical Examining Board, 141 Conn. 218, 230. The record discloses that the plaintiff is disposed to put friendship above obligation and duty. In a police officer this is an intolerable vice. The penalty of dismissal was one which the board had the power to impose. It cannot be contravened.
 Judgment is required to be entered dismissing the appeal.