## ALLAN J. NODES v. CITY OF HASTINGS AND OTHERS.

170 N. W. (2d) 92.

July 18, 1969—No. 41493.

*Dorian W. Zaske,* for relator.

*Donald J. Fluegel,* for respondent city of Hastings.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

Appeal from an order of the district court denying plaintiff's motion for amended order and affirming a decision of the Hastings Civil Service Commission discharging relator, Allan J. Nodes, from employment as a police officer. It is contended that the order of the commission was arbitrary, capricious, and unreasonable, and not supported by the record.

Relator was found to be in violation of Section 29 of the Hastings Police Department Manual of Rules and Regulations and Departmental Orders for having habitually neglected to pay his just debts while in the city's service.[1] After a hearing the Hastings Civil Service Commission found:

"That Allan J. Nodes has had a long history of financial difficulties; has repeatedly borrowed money to consolidate debts; has continued to

---

[1] Section 29 provides: "Neglecting to pay a just indebtedness, incurred while in the service, within a reasonable time. No member of the department shall permit garnishment proceedings to be brought against him or her while in the employ of the city. In the event such member is garnisheed he shall be considered in violation of this section and shall be dealt with accordingly by the Chief of Police."

take on obligations he has been unable to pay and should have anticipated he would be unable to pay; has shown financial irresponsibility to an extent that it appears he has been unwilling to make the effort necessary to live within his income; and that this has placed him in a position where he can no longer have the respect due a policeman from the business community of the City of Hastings.

"That all of the debts listed should have been anticipated by Mr. Nodes and that he should have been able to support his family and maintain his credit rating, and that his salary was sufficient for him to support his family if he had planned his financing."

Based upon its findings, the Commission concluded, inter alia:

"That his failure to so maintain his credit in view of the above circumstances constituted misconduct in view of the duties he was expected to perform as a police officer for the City of Hastings."

The commission ordered that plaintiff be discharged and removed as a policeman for the city.

The district court, after review pursuant to Minn. St. 419.12, affirmed the decision, holding:

"That there is substantial evidence in the record to support the reasonableness of the Order discharging Allan J. Nodes as a police officer for the City of Hastings."

The memorandum of the trial court observed:

"It appears that appellant used his status as a police officer to incur obligations at a time when he was hopelessly insolvent and in instances could not meet one payment on the debt. The pattern of such conduct amply supports the decision of the Board."

The general rule relied upon by plaintiff is that a police officer, who is protected by statute from discharge except for misconduct or incompetency, cannot be removed or discharged for failure to pay his personal debts, which have no relation to his employment. Annotation, 127 A. L. R. 495, 47 Am. Jur. Sheriffs, Police, and Constables, § 18. We prefer, however, to follow those authorities which comprehend that a police officer's negligent and inexcusable conduct in failing to pay his just debts impairs his usefulness as one charged with enforcement of the law. In the early case of Cleu v. Board of Police Commrs. 3 Cal. App. 174, 176, 84 P. 672, 673, the California court said:

"* * * If the rule concerns the government and discipline of the police department and is reasonable, it must be held to be valid. The board has the right to make all reasonable rules to secure efficiency

and good service in the department. Whether or not the rule in question tends to secure efficiency and good service may be tested by contemplating the probable effect on the efficiency of the department if every member thereof violated the rule—if every policeman neglected to pay his debts. In such a case can it be doubted that the efficiency of the department would be greatly impaired, that the public would soon lose all respect and confidence in the department, which would necessarily greatly militate against its usefulness."

The court went on to say (3 Cal. App. 177, 84 P. 673):

"* * * A police officer is intimately connected with the enforcement of all laws and ordinances concerning crimes, and is an important factor in preserving the peace and good order of the community. His efficiency in this regard largely depends upon the respect and confidence in which he and his associates are held by the citizens. A course of conduct, such as neglecting to pay his debts, that forfeits such respect tends to interfere with his usefulness as an officer. It must be borne in mind that the rule under discussion, as to penalty for a violation thereof, is quite elastic. The penalty may be a reprimand, a fine, or dismissal, as the special circumstances of the case may warrant. It must be presumed that the board in enforcing such a rule will act in good faith for the welfare of the service, and not for purposes of oppression. A wide discretion must be lodged in the board in determining what conduct on the part of members of the department is injurious to the efficiency of the department. We cannot say that the rule in question here is not reasonable, and does not tend to promote the efficiency of the department."

The more recent case of Sayles v. Board of Fire and Police Commrs. 25 Ill. App. (2d) 262, 166 N. E. (2d) 469, is authority for the same holding.

On the basis of the record before us, we are of the view that the commissioners acted in good faith for the welfare of the service and that their decision was not unreasonable or oppressive. It is unnecessary to restate the numerous complaints found in the record which relate to plaintiff's credit standing. It is sufficient to say that the record establishes that his reputation for not paying his bills was so notorious as to destroy his usefulness as a member of the police force.

We have considered plaintiff's claim that the board was not competent to decide his case because one of its members had been denied recovery of a debt owed by plaintiff because of bankruptcy proceed-

ings. It should be noted that the decision of the three-man board was unanimous. While it would have been better practice for the creditor to have disqualified himself in this proceeding, we do not believe that his failure to do so prejudiced plaintiff or altered the result. In any event, the record does not indicate error in the admission or exclusion of evidence nor is there any indication that the commission conducted itself in a manner which was likely to intimidate plaintiff as a witness or prevent him from giving testimony as to what he believed to be the facts. N. L. R. B. v. Air Associates, Inc. (2 Cir.) 121 F. (2d) 586; 2 Davis, Administrative Law Treatise, §§ 12.02, 12.06.

Affirmed.

ROGOSHESKE, JUSTICE (concurring specially).

While I concur in the conclusion that the record justifies affirmance, I feel compelled to express my view of the rule under which the discharge proceedings were initiated. It appears to permit discharge ·of a civil service employee for mere neglect in paying personal debts without any proof that such constituted misconduct affecting the performance of official duties and directly affecting the rights and interests of the public. I cannot believe that a mere violation of such a department rule could be sustained as sufficient in law to constitute a cause of removal under our decisions beginning with the early case of State ex rel. Hart v. Common Council of Duluth, 53 Minn. 238, 55 N. W. 118.