HUNDHAUSER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 34. Argued October 3, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 397.)

448

For the plaintiff in error there was a brief by *Gerald J. Bloch* and *Phillips, Hoffman & Bloch,* all of Milwaukee, and oral argument by *Gerald J. Bloch.* A brief was also filed by *Robert Hundhauser* of Waupun, *pro se.*

For the defendant in error the cause was argued by *Michael Ash,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

ROBERT W. HANSEN, J. Three challenges are made to the judgment of conviction.

(1) Defendant himself, in a *pro se* brief, contends that the complaint and warrant were defective. The court record in this case as to proceedings at the time of arraignment states: "Defendant present in court with attorney. . . . Defendant by his attorney waives any defects in the issuance of the warrant." Even if there had not been such specific waiver of any defects in the issuance of the warrant, constructive waiver would result from the election by the defendant to enter a plea, demand a jury and proceed to trial. An objection to a complaint or warrant is not a time bomb that can be arranged or timed so as to explode only after the trial has been held and the defendant convicted.

(2) Defendant's counsel in his brief contends that the trial court erred in refusing to admit as evidence a composite artist's drawing in the possession of the

Milwaukee Police Department.[1] The drawing, based on statements made to the artist by various persons, did not purport to describe the person sought for the commission of the crime here involved. It sought to picture the person wanted for the commission of three armed robberies and a murder in Milwaukee. In his offer of proof, defendant's counsel stated that the defendant was picked up for questioning in these other crimes but was released. Defendant's counsel stated that in his opinion the composite drawing showed a person who closely resembled the defendant, and was therefore relevant on the issue of defendant's guilt or innocence. The trial court ruled: ". . . It is totally irrelevant, totally immaterial. Objection sustained most emphatically."

We agree with the trial court's ruling. The artist's drawing is not "persuasive or indicative" on the question of defendant's guilt or innocence. Assuming resemblance between the drawing and the defendant, it would only show that defendant looks like a person sought for the commission of other crimes. The drawing does not tend to "cast light upon the subject of the inquiry." No drawing is needed to make the point that almost everyone has a "look-alike," at least in some regards, somewhere in this wide, wide world. The drawing was not presented to establish "a link in a chain of facts." In no way would it assist the trier of the facts in "getting at the truth." The other crimes resulting in the creation of this drawing took place one year after the crime here involved, so

[1] In the absence of a motion for a new trial at the trial court level, defendant cannot as a matter of right raise a claim of error based on improper exclusion of evidence on appeal or postconviction writ. *See State v. Russell* (1958), 5 Wis. 2d 196, 92 N. W. 2d 210. In this case defendant was convicted on December 6, 1967. Application for appointment of counsel on postconviction remedies was made on September 9, 1968. Counsel was appointed on November 1, 1968. A writ of error was issued on December 4, 1968. Shortness of time made it impractical for appointed counsel to bring a motion for new trial in the trial court within the one-year limit (sec. 958.06, Stats.). So we elect to review the issue on its merits.

remoteness in time is obvious. More important, the remoteness extends to subject matter. No connection between the offense here involved and the others is shown, not even similarity of *modus operandi*. Relevancy is not determined by resemblance to, but ". . . connection with, other facts." The composite drawing is indeed totally irrelevant, meeting no test as to required relevancy.[2]

It should be noted that lack of relevancy may not be the only stumbling block to the admissibility of an artist's composite drawing in a criminal trial. Such drawing is the effort of the artist to put on paper identifying characteristics of the suspect as related to him by a variety of persons. The artist uses a sketching pen instead of a fountain pen, a charcoal pencil instead of a typewriter. The drawing is a pictorial transcription by the artist of what third persons have related to him. Even where the drawing was made for the crime for which the defendant was being tried, courts have held such artist's drawing to be hearsay evidence, and inadmissible.[3] At least, even if relevancy is established, the

---

[2] "Evidence is relevant when it is persuasive or indicative that a fact in controversy did or did not exist because the conclusion in question may be logically inferred from the evidence. The criterion of relevancy is whether or not the evidence adduced tends to cast any light upon the subject ·of the inquiry. Evidence of any fact is admissible as relevant which might establish the hypothesis of innocence, or show the defendant's guilt. Any evidence that assists in getting at the truth of the issue is relevant; in other words, any fact which tends to prove a material issue is relevant, even though it is only a link in a chain of facts which must be proved to make the proposition at issue appear more or less probable. Relevancy is not determined by resemblance to, but by the connection with, other facts." *Oseman v. State* (1966), 32 Wis. 2d 523, 526, 145 N. W. 2d 766; *see also Berg v. State* (1969) 41 Wis. 2d 729, 739, 165 N. W. 2d 189, quoting from 1 Wharton's, Anderson, *Criminal Evidence* (12th ed.), pp. 284–287, sec. 148.

[3] *Commonwealth v. Rothlisberger* (1962), 197 Pa. Super. 451, 178 Atl. 2d 853; *People v. Turner* (1968), 91 Ill. App. 2d 436, 235 N. E. 2d 317. *But see People v. Coffey* (1962), 11 N. Y. 2d 142, 182 N. E. 2d 92.

moving party has the hearsay factor to deal with. The hearsay aspect is not raised nor argued in this case. It is enough here to sustain the trial court's finding of total irrelevancy.

(3) Defendant's counsel asks this court to exercise its discretionary power to grant a new trial in the interest of justice. This would require this court to find that probability exists that justice has miscarried, in turn requiring that we would have to be convinced that the defendant should not have been found guilty and that justice demands that the defendant be given another trial.[4] There is no basis for so doing here. To do so would be not only to invade, but to take over, the province of the jury as the trier of fact.

The defendant presented an alibi defense, which could have been believed by a jury. Instead the jury elected to believe the testimony of the police officer who positively identified the defendant as the gun-toting, gun-taking passenger in the Volkswagen. The jury had the right to do so. This court has said that testimony supporting an alibi does not raise a reasonable doubt as a matter of law, but remains in the area of comparative credibility within the domain and function of the jury.[5]

This includes the issue of intent, a required element of the crime under sec. 943.32, Stats. Defendant's counsel would have us hold as a matter of law that the taking of the gun was "motivated" by a desire to escape rather than a desire to steal. This is to suggest that, while a wallet is taken with intent to steal, a gun is taken only to facilitate leaving the scene safely. While motive in taking is not controlling, intent to take is. Intent on this record was for the jury to determine, and it did. The

---

[4] Lock v. State (1966), 31 Wis. 2d 110, 118, 142 N. W. 2d 183.

[5] ". . . . The credibility of a witness to an alibi defense is to be measured by the same test that we apply to other witnesses. The credibility and the weight to be given to the testimony of such witnesses is strictly a function of the jury. . . ." Berg v. State (1969), 41 Wis. 2d 729, 738, 165 N. W. 2d 189.

failure of the state to identify and apprehend and prosecute the other person involved in the incident, the driver of the Volkswagen, casts no cloud on the jury verdict. The right of the state to prosecute one identified participant in a bank robbery is not blocked nor affected by its failure to ascertain the identity of others in the holdup gang. The right to prosecute does not require identifying and bringing to trial accomplices and others involved. There is no reason or basis for disturbing the verdict of the jury and the judgment of the court in this case.

*By the Court.*—Judgment affirmed.