STATE EX REL. RICHEY, Respondent, v. NEENAH POLICE & FIRE COMMISSION, Appellant.

*No. 217.  Argued October 8, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 743.)

578

For the appellant there was a brief by *Duane G. Philis*, Neenah city attorney, and *Daniel R. Goggin* of Neenah of counsel, and oral argument by *Mr. Philis*.

For the respondent there was a brief and oral argument by *Morris Warzinik* of Neenah.

WILKIE, J.  Three issues are presented by this appeal:

1. Was the respondent denied due process of law by the suspension of Rule 27?

2. Did the Board impose its will rather than its judgment in dismissing respondent in that one of its members had prejudged the case before the hearing?

3. Did the circuit court err in not considering the evidence adduced at the hearing of April 22, 1969?

1. *Due process.* The Board of Fire & Police Commissioners of the city of Neenah was, in this action, performing a quasi-judicial function, and in such cases the requirements of due process are clearly applicable.[1]

"[T]he cardinal and ultimate test of the presence or absence of due process of law in any administrative proceeding is the presence or absence of the 'rudiments of fair play long known to our law.'"[2]

The necessary elements were set out by this court in *State ex rel. Arnold v. Common Council:*[3]

". . . There are at least three substantial elements of a common-law hearing: (1) the right to seasonably know the charges or claims preferred; (2) the right to meet such charges or claims by competent evidence; and (3) the right to be heard by counsel upon the probative force of the evidence adduced by both sides and upon the law applicable thereto. If either of these rights is denied a party, he does not have the substantials of a common-law hearing. *Ekern v. McGovern,* 154 Wis. 157, 277 *et seq.,* 142 N. W. 595, and cases cited."[4]

Sec. 62.13 (5), Stats., provides procedural steps to be followed in proceedings against a member of a municipal police department. This subsection clearly embodies the

[1] *State ex rel. Ballard v. Goodland* (1915), 159 Wis. 393, 395, 150 N. W. 488.

[2] *State ex rel. Madison Airport Co. v. Wrabetz* (1939), 231 Wis. 147, 153, 285 N. W. 504.

[3] (1914), 157 Wis. 505, 147 N. W. 50.

[4] *Id.* at page 511. *See also:* 4 McQuillin, *Mun. Corp.* (3d ed.), p. 371, sec. 12.260.

"substantial elements" of a common-law hearing set out above, by providing for the filing of a written formal charge by the chief of police, the Board or a member thereof, or by an elector; [5] a public hearing at which the officer may be represented by counsel and may subpoena witnesses; [6] and an appeal to the circuit court.[7] The procedure outlined in this subsection has been held by this court to meet the requirements of due process.[8]

Here the provisions of sec. 62.13 (5), Stats., were complied with, as well as the standards set down by this court as necessary for a common-law hearing.[9] The chief of police, after two discussions with respondent about the conduct in question, filed a written charge with the Board; respondent had a public hearing at which he was represented by counsel; he was allowed to present evidence, cross-examine witnesses, and argue his view of the facts.

Respondent, however, contends that because the Board is empowered by statute to promulgate additional rules,[10] and since the Board did promulgate additional rules, specifically Rule 27, *supra*, the temporary suspension of this rule shortly before the hearing constituted a denial of due process. Clearly sec. 62.13 (5) (g), Stats., provides the power to make additional rules "for the administration of this subsection." However, while the temporary suspension of Rule 27 in the absence of re-

[5] Sec. 62.13 (5) (b), Stats.

[6] *Id.* at (d).

[7] *Id.* at (i).

[8] *Christie v. Lueth* (1953), 265 Wis. 326, 330, 331, 61 N. W. 2d 338.

[9] *State ex rel. Arnold v. Common Council, supra,* footnotes 3 and 4.

[10] Sec. 62.13 (5) (g), Stats.: "Further rules for the administration of this subsection may be made by the board."

Sec. 62.13 (6), Stats.: "OPTIONAL POWERS OF BOARD. (a) The board of fire and police commissioners shall have the further power: 1. To organize and supervise the fire and police departments and to prescribe rules and regulations for their control and management."

spondent, clearly an interested party, without notice may constitute a breach of contract and perhaps an unfair labor practice, that question is not before this court. The question of whether such action by the Board constituted a violation of due process requirements compels a negative answer. Clearly the standards outlined above were met. If satisfying these requirements satisfies due process, the failure to satisfy an additional administrative requirement has little to do with due process.

Moreover, Rule 27 was substantially complied with, at least insofar as it contains elements necessary to due process. Rule 27 requires a written complaint which may be filed with the Board by "any other member" of the police force, "with specifications." In this case the charge was filed by the chief of police, signed by him, and, under the circumstances, contained sufficient specifications. It charges that respondent "did on the 4th day of March, 1969, at approximately 9:30 p. m., conduct himself in a manner unbecoming a police officer." It is true that the details of the conduct are not set forth. However, it has often been stated that charges in such proceedings need not be technically drawn nor meet the requirements of a criminal indictment.[11] And this court has held that "conduct unbecoming an officer" is not too vague to define a cause for discharge.[12]

In any event, no objection was made at the time of the hearing, or since, that the charge lacked sufficient specificity. Rather, respondent objected to the suspension of Rule 27 on the ground that it violated a condition of employment.

"Objections to the sufficiency of the charge may be waived . . . . And on appeal from a judgment of dismissal, complaint cannot be made that the charges were

[11] See McQuillin, *supra*, footnote 4, at pages 356, 357, sec. 12.-257b. See also: *State ex rel. Starkweather v. Common Council of Superior* (1895), 90 Wis. 612, 622, 64 N. W. 304.

[12] *State ex rel. Gudlin v. Civil Service Comm.* (1965), 27 Wis. 2d 77, 86, 133 N. W. 2d 799.

indefinite where no timely request had been made that they be made certain." [13]

This court has held with regard to criminal complaints that objections to the validity of the complaint may be waived by failure to raise them,[14] and a collateral attack on a complaint will be liberally construed in favor of jurisdiction.[15] If the criminally accused can reasonably be held to a waiver of the insufficiency of the charges in a criminal case, we see no reason why the respondent here, in this Board proceeding to discipline him for conduct unbecoming a police officer, should not also be considered to have waived any claim he may have had to the insufficiency of the charges made against him.

Perhaps respondent did not seek more details here about the particular charge and specifications because of the two conferences that he had had with the chief of police at which he was informed of the complaint and the details thereof. We must conclude, therefore, that since (1) the essential elements of a common-law hearing were present; (2) the statutory provisions which satisfy due process requirements were complied with; (3) there was substantial compliance with Rule 27, at least insofar as those portions of the rule relating to the elements of due process were met; and (4) respondent waived any objection he had to the insufficiency of the charge, the circuit court's holding that respondent was "denied the right of due process" was erroneous.

2. *Prejudgment.* On August 5, 1969, during proceedings on the appeal from the decision of the Board, the circuit court remanded the case pursuant to sec. 62.13 (5) (i), Stats., for the taking of further evidence on the

[13] McQuillin, *supra,* footnote 4, at page 358, sec. 12.257c. *See, e.g., Walker v. Dunham* (1955), 78 Ariz. 419, 281 Pac. 2d 125; *Evansville v. Nelson* (1964), 245 Ind. 430, 199 N. E. 2d 703; *Ely v. Montpelier* (Ind. App. 1969), 253 N. E. 2d 286.

[14] *Williams v. State* (1969), 45 Wis. 2d 44, 49, 172 N. W. 2d 31; *Hundhauser v. State* (1969), 44 Wis. 2d 447, 171 N. W. 2d 397.

[15] *Wolke v. Fleming* (1964), 24 Wis. 2d 606, 617, 129 N. W. 2d 841.

question of prejudgment by a member of the Board. The court also informed respondent that the issue of due process was properly to be raised by a petition for a writ of certiorari. Subsequently, and while the appeal was pending before the court, the respondent filed a petition for a writ of certiorari.

At the second hearing before the Board on August 18, 1969, testimony of three witnesses was presented that one member of the Board had indicated prior to the hearing of April 22, 1969, that he had already "made up his mind." This testimony remained uncontroverted, and appellant does not dispute it.

Thereafter, on October 3, 1969, with both the original appeal and the certiorari action before it, the circuit court, in addition to holding that respondent was denied due process, *supra*, held that this element of prejudgment constituted an imposition of the Board's will rather than an exercise of its judgment.

There is no basis in the law for this holding.

First, there is no statutory provision for the disqualification of a member of the Board because of bias or prejudice.

"If the charter creating a board makes no provision for disqualifying a member from acting in removal proceedings when he may be biased or prejudiced against the officer on trial, an objection to a member on that ground will not lie." [16]

This general rule has been adopted by this court. [17]

Second, there were five members on the Board, and the decision to dismiss respondent was unanimous at both hearings.

In a recent Minnesota case [18] involving the dismissal of a police officer for failure to pay his debts, one of the

---

[16] McQuillin, *supra*, footnote 4, at page 370, sec. 12.259 c.

[17] *Clark v. Blochowiak* (1942), 241 Wis. 236, 240, 241, 5 N. W. 2d 772.

[18] *Nodes v. Hastings* (1969), 284 Minn. 552, 170 N. W. 2d 92.

three members of the commission who presided at the hearing was an unpaid creditor of the officer. In discussing the fairness of the hearing the Minnesota Supreme Court stated:

"We have considered plaintiff's claim that the board was not competent to decide his case because one of its members had been denied recovery of a debt owed by plaintiff because of bankruptcy proceedings. It should be noted that the decision of the three-man board was unanimous. While it would have been better practice for the creditor to have disqualified himself in this proceeding, we do not believe that his failure to do so prejudiced plaintiff or altered the result. In any event, the record does not indicate error in the admission or exclusion of evidence nor is there any indication that the commission conducted itself in a manner which was likely to intimidate plaintiff as a witness or prevent him from giving testimony as to what he believed to be the facts. N. L. R. B. v. Air Associates, Inc. (2 Cir.) 121 F. (2d) 586; 2 Davis, Administrative Law Treatise, secs. 12.02, 12.06." [19]

There is nothing in the record here to indicate that the other members of the Board did not exercise their judgment in good faith on the basis of the evidence adduced at the hearing. In the absence of such a showing, this court will presume that these other members acted "in accordance with the law and the authority conferred upon them, and that they [acted] fairly, impartially, and in good faith." [20]

3. *Failure to review the evidence.* The circuit court did not consider whether the evidence adduced at the hearing justified the decision of the Board.

After his removal order, respondent's first action was to appeal the Board's decision to the circuit court pursuant to sec. 62.13 (5) (i), Stats. This section clearly states:

---

[19] *Id.* at pages 554, 555.
[20] *State ex rel. Wasilewski v. Board of School Directors* (1961), 14 Wis. 2d 243, 266, 111 N. W. 2d 198.

". . . The question to be determined by the court shall be: Upon the evidence was the order of the board reasonable?"

Although the trial court's order here states that the Board's finding was "manifestly in error" at no time did the court consider the evidence adduced at the first hearing on April 22, 1969.

Considering that (1) the appeal was taken pursuant to sec. 62.13 (5) (i), Stats.; (2) the appeal remained pending at the time of the decision on October 3, 1969; and (3) the order states the "finding was manifestly in error," the court should have considered the evidence.

Obviously the circuit court felt that since it found a denial of due process on its review by certiorari as well as a failure on the part of the Board to exercise its judgment on the facts of the case (due to prejudgment by one of its members), there was no need to review the evidence since the decision was rendered void in any event. Because the trial court's determinations were in error, the refusal to consider the evidence is also error, and we must now remand the case to the trial court for its review of the evidence.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.

HEFFERNAN, J. (*dissenting*). I believe that Officer Richey was denied the basic elements of due process and fair play in these proceedings. He objected to the last minute suspension of Rule 27, which provided that there be filed a written complaint "with specifications." The objection to an eleventh hour change of rules, which permitted the commission to proceed without specifications, is clearly an objection to the sufficiency of the complaint and to its specificity. It is immaterial that the officer believed his right was based upon his employment contract. The fact remains that, just before the hearing, he was denied his reasonable expectation that he would be

tried on detailed specifications. There is no evidence of a knowing and intentional waiver of his rights to due process.

The majority, moreover, misconstrues the meaning of *State ex rel. Gudlin v. Civil Service Comm.* (1965), 27 Wis. 2d 77, 133 N. W. 2d 799, if it implies that conduct unbecoming an officer is a sufficient statement of specifications. *Gudlin* does not so hold. It merely concludes that an employee may be discharged if such charge is proved. It in no way deals with the required specificity of charges. In fact, the *Gudlin* opinion recites the West Allis ordinances which require as a prerequisite to a charge of "conduct unbecoming an employee" that the appointing officer *"specifically"* set forth his complaint.

While the proof of facts may properly lead to discharge on grounds of "conduct unbecoming an officer," that term is too vague to properly apprise one charged with the nature of the offense.

Two leading courts have pointed out the uncertainty of the phrase.

The New York Supreme Court (Appellate Division) pointed out that the expression:

". . . 'conduct unbecoming an officer' [when applied to a ground for removal of an officer is] a very elastic term, depending upon individual conceptions of what belongs to the office of a policeman." *People ex rel. Dougan v. Greene* (1904), 97 App. Div. 404, 89 N. Y. Supp. 1067, 1068.

The Connecticut Supreme Court used similar language in *Gaudette v. Board of Public Safety* (1956), 20 Conn. Supp. 147, 151, 127 Atl. 2d 836.

While it may be conceded that a policeman may be discharged for "conduct unbecoming an officer," a charge of such conduct must be supported by specifications sufficient to give notice of the nature of the conduct charged.

I believe the court misleads itself when it concludes that Officer Richey was properly informed of the de-

tails of the charges, merely because he had two conferences with the chief of police prior to the hearing.

Certainly this court would not sustain an insufficient complaint against an alleged criminal on the assertion of the prosecution that the defendant had been given the essential facts of the offense with which he was charged in an *in camera*, off-the-record conference without counsel.

This court has been adamant, and correctly so, in insisting on due process and fair play in criminal cases. Is a police officer, who has honorably served for twenty-two years, entitled to less?

I am authorized to state that Mr. Justice LEO B. HANLEY and Mr. Justice ROBERT W. HANSEN join in this dissent.