WALTER L. WASHBURN, M.D., Secretary Medical Examining Board
The Medical Examining Board asks whether the emphasized language* in the following portion of section 448.02(3), Stats., is mandatory or merely directory:
 The [Medical Examining] board shall investigate allegations of unprofessional conduct by persons holding a license or certificate granted by the board. A finding by a panel established under s. 665.02 or by a court that a physician has acted negligently is an allegation of unprofessional conduct. After the investigation, if the board finds that there is probable cause to believe that the person is guilty of unprofessional conduct, the board shall hold a hearing on such conduct. The board shall render a decision within 90 days following completion of the hearing.
First, you suggest that the ninety-day direction is mandatory. Second, you state that delays inherent in the proceedings involving a hearing examiner often make it impossible for the Board to meet the ninety-day direction.
First, it is my opinion that the ninety-day direction for a decision is mandatory.
This issue is governed by the decision in Karow v. MilwaukeeCounty Civil Serv. Comm., 82 Wis.2d 565, 263 N.W.2d 214 (1978), and the cases therein cited. In that case a county civil service commission failed to hold a hearing within the statutory three-week period following the date charges were filed against a county employe. The controlling statute, section 63.10(2), provided: "The commission shall appoint a time and place for the hearing of said charges, the time to be within 3 weeks after the filing of the same . . . ."
The supreme court reasoned that the statutory procedure in section 63.10 protected the public interest from the burden of inefficient or otherwise undesirable employes. Section 63.10(1) allowed suspension of an employe without pay between the time when charges were filed and the hearing. At the same time, however, section *Page 149 63.10(2) protected the possibly innocent employe by providing a prompt hearing date. This protection could only be provided by holding the three-week limitation to be mandatory rather than directory.
The court relied on the rule in Scanlon v. Menasha,16 Wis.2d 437, 443, 114 N.W.2d 791 (1962), and Wauwatosa v. MilwaukeeCounty, 22 Wis.2d 184, 191, 125 N.W.2d 386 (1963), that the word "shall" is presumed mandatory when it appears in a statute unless the legislative intent clearly indicates otherwise. Further, the court relied on the holding in State v. Rosen, 72 Wis.2d 200,240 N.W.2d 168 (1976), that a statutory limit is mandatory where failure to act within the limit works an injury or wrong and the mandatory limit does not defeat the public interest protected by the statute.
The supreme court's reasoning in the Karow decision and cases therein cited is applicable here.
Section 448.02(4) allows suspension of a practitioner's license or certificate between the time when a hearing commences and the Board renders a decision. At the same time, however, section448.02(3) protects the suspended practitioner's livelihood and reputation by mandating a prompt decision following completion of the hearing. Public and private interests are therefore best served by holding the ninety-day limitation to be mandatory rather than directory.
You suggest that the ninety-day period in section 448.02(3) might run from the Board's receipt of the hearing examiner's proposed decision under the procedure permissible under section 227.09. However, since section 448.02(3) requires that the "board shall render a decision within 90 days following completion ofthe hearing," we cannot arrive at your suggested interpretation. Nevertheless, our discussion cannot end here since we must still resolve the issue of when the hearing is completed. A hearing is not completed until the parties have submitted all of the evidence and arguments. Thus, while a hearing examiner may close the testimony, if there are yet proofs or briefs to be submitted, the matter is not fully before the hearing examiner and the hearing should not be considered to be concluded. In State exrel. Arnold v. Common Council, 157 Wis. 505, 511, 147 N.W. 50
(1914), the supreme court held that a hearing included the "right to be heard by counsel upon the probative force *Page 150 
of evidence . . ." and that this included oral argument. In accord, see Wisconsin Telephone Co. v. Public Service Comm.,232 Wis. 274, 287 N.W. 122, 287 N.W. 593 (1939). While these cases speak of oral argument, they apply equally to arguments submitted by written briefs.
Thus, if at the close of the testimony portion of a hearing there are no further proofs to be submitted or arguments made, the hearing examiner should state that the hearing is concluded. If, however, the schedule calls for the further submission of evidence or briefs, the hearing examiner should establish a schedule for such submittals and establish a hearing closing date. In the alternative, the hearing examiner can notify the parties when all submittals have been received so that a hearing conclusion time can be established.
BCL:WHW:CM
* Added by chapter 135, Laws of 1981.