STATE, Respondent, vs. CARDINAL LINES, INC., Appellant.

*January 21—February 15, 1949.*

For the appellant there were briefs by *Philip H. Porter* and *John T. Porter,* both of Madison, and oral argument by *Philip H. Porter.*

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

ROSENBERRY, C. J.    The question for decision requires a construction of sec. 194.14 (3), Stats., which is as follows:

"The commission shall make its finding and issue its order on any such application within sixty days after submission of all evidence and argument which may be offered or submitted upon behalf of any party to such case.    If the commission shall fail to make its finding and issue its order within the time herein prescribed, a grant of the certificate, license or amendment thereto shall thereupon issue by operation of law."

Sec. 194.23 (4), Stats., was created by ch. 488, Laws of 1933, and reads as follows:

"The commission shall make its finding and issue its order on any application within sixty days after completion of the hearing on said petition. In the event of the failure to so make its finding and issue its order, said petition shall be deemed to be granted. . ʻ. ."

By subsequent revisions and without substantial change, this section became sec. 194.23 (4), Stats. 1943.

On May 25, 1943, an action was begun in the circuit court for Dane county by *Gateway City Transfer Co. v. Public Service Comm.,* reported in 245 Wis. 304, 14 N. W. (2d) 6, the determination of which depended upon the interpretation to be placed on sec. 194.23 (4), Stats. In that case the court held that where the commission failed to issue its order within sixty days after completion of the hearing, that is, conclusion of the taking of the evidence, the application was granted by operation of law. The court further held that the commission had no jurisdiction thereafter to issue an order denying the petition. It was also held that the courts could not review the granting of the application because it was a legislative and not a judicial act.

Following the decision of the court in 1943, and apparently because of it, the section was amended by ch. 557, Laws of 1945, to read as follows:

"The commission shall make its finding and issue its order on any application within ninety days after completion of the hearing on said petition, except in cases where the applicant has in writing or orally at the time of hearing agreed to a further extension of time."

Under the 1945 amendment an applicant could no longer receive a license by operation of law. That act also extended the time within which the commission was required to act from sixty to ninety days.

By ch. 448, Laws of 1947, sec. 194.23 (4), Stats. 1945, was repealed. However, it was re-enacted as sec. 194.14 (3) set out above.

By the enactment of sub. (3) the time limit was restored to sixty days as in the original act, but did not begin to run until sixty days after the submission of all evidence and argument which may be offered or submitted on behalf of any party to such issue.

In this case it is undisputed that all the evidence had been received and that no argument had been offered or submitted upon behalf of any party to such case after the close of the hearing.

Under the plain language of the statute, no briefs or argument having been submitted, the sixty days began to run at the time the hearing was closed, and the commission having failed to act within sixty days from that time the defendant's application was granted by operation of law.

The fact that the commission has a rule permitting parties to file briefs within fifteen days after mailing of transcript does not amend the statute which provides that the commission shall act "within sixty days after submission of all evidence and argument which may be offered." No argument or briefs were offered in this case after the close of the evidence. Therefore the sixty days began to run at the time the evidence closed.

It was clearly the intent of the legislature to shorten the time within which the commission should act by providing that it should act within sixty days instead of within ninety. Under the construction contended for by the plaintiff, the commission may fix a time within which arguments may be presented to suit its pleasure, extend such time, and so prevent the granting of a petition by operation of law as long as it pleases, so that from a practical standpoint, the statute operates the same as it did under the amendment of sec. 194.23 (4) by ch. 557, Laws of 1945. That construction defeats the purpose of sub. (3) as created by ch. 448, Laws of 1947.

*By the Court.*—The judgment appealed from is reversed and the cause remanded to the trial court with directions to dismiss the plaintiff's complaint.

HUGHES, J. (*dissenting*). The majority opinion follows the decision in *Gateway City Transfer Co. v. Public Service Comm.* (1944), 245 Wis. 304, 14 N. W. (2d) 6. It is to be noted that at the time that the *Gateway* decision was rendered the statute provided that orders of the commission must be entered within sixty days *after completion of the hearing*. As pointed out in the majority opinion, this law was repealed entirely and then re-enacted requiring the commission to act within ninety days; still later it was amended to provide that the commission must act within sixty days *after submission of all evidence and argument* which may be offered or submitted upon behalf of any party to such case. In this case, as recited in the statement of facts by the court, the applicant requested time to file briefs. The commission granted such request and fixed the time for filing such briefs at fifteen days after mailing of the reporter's transcript. The transcript was duly mailed and the applicant failed to file a brief. The order of the commission denying the application was entered within sixty days from the date fixed for filing applicant's brief.

The word "argument," as it now appears in the statute, obviously was intended to have meaning. I am of the opinion that the granting of the time to file briefs was an entirely proper procedure to be taken by the commission, and that the majority's ruling in effect construes the statute as though it had not in any way been amended since the *Gateway Case, supra*. As construed by the court the statute requires the commission to keep an actual record of dates of filing papers and calculate the expiration of the sixty days from the happening of the last event. I am satisfied that the purpose of the statute is to avoid unreasonable delay in the performance by the commission of its duties, and should be reasonably construed to obtain that purpose.

If the commission were to grant such unreasonable periods of time for the filing of briefs as to defeat the terms of the statute, it could be required to perform its duties properly by mandamus or other action. There is nothing of that kind in

this case. The date for written arguments having been fixed to the knowledge of all parties (not only without objection of appellant, but upon its counsel's specific request), it should control in determining the running of the sixty-day period even though appellant saw fit to waive its right to file briefs.

I am authorized to say that Mr. Justice WICKHEM and Mr. Justice MARTIN concur in this dissent.