HANSEN STORAGE COMPANY, Petitioner-Respondent, v.
WISCONSIN TRANSPORTATION COMMISSION, Respond-
ent-Appellant: BRIGGS TRANSPORTATION COMPANY,
and others, Intervenors-Appellants.†

Court of Appeals

*No. 77–850. Submitted on briefs November 30, 1978.—Decided
December 19, 1978.*
(Also reported in 275 N.W.2d 360.)

† Petion to appeal granted.

For the petitioner-respondent there were briefs by *William C. Dineen* of Milwaukee.

For the respondent-appellant there were briefs by *Bronson C. La Follette,* attorney general and *Robert W. Larsen,* assistant attorney general.

For the intervenors-appellants there were briefs by *John Duncan Varda* and *DeWitt, McAndrews & Porter, S. C.,* of Madison.

Before Bablitch, J., Dykman, J. and George R. Currie, Reserve Judge.

CURRIE, J. The issue to be decided is whether the PSC issued its order denying Hansen's application for expansion of its operational authority as a contract motor carrier within the sixty day period prescribed by sec. 194.14(3), Stats. This statute provides,

The commission shall make its findings and issue its order on any such application within 60 days after submission of all evidence *and after the date set for the filing of briefs or oral argument, whichever is later,* submitted upon behalf of any party to such case. If the commission shall fail to make its finding and issue its order within the time herein prescribed, a grant of the certificate, license or amendment thereto shall thereupon issue by operation of law. (Emphasis supplied.)

The crucial question under the facts of this case is whether the statutory sixty day period within which the PSC was required to issue its decision commenced from the expiration of the period for filing briefs with respect to the transcript, which was February 7, 1977, or from the expiration of the period for filing briefs with respect to the hearing examiner's proposed decision, which was May 4, 1977. If this sixty-day period began to run from the latter date, then the PSC's order of June 2, 1977 was well within the sixty day period.

As pointed out by the circuit court's memorandum decision, when sec. 194.14(3), Stats., was amended by the legislature by ch. 166, Laws of 1949,[1] so as to include the present language "after the date set for the filing of briefs or oral argument, whichever is later," sec. 227.12, Stats., was in existence which then provided:

Examination of evidence by agency. Whenever in a contested case, or upon hearing ordered, it is impracticable for the members of the agency who participate in the decision to hear or read all the evidence, the final

---

[1] This amendment of the statute was enacted by the legislature within three months after the supreme court decision in *State v. Cardinal Lines, Inc.*, 254 Wis. 327, 35 N.W.2d 918 (1949).

decision shall not be made until a summary of the evidence prepared by the person conducting the hearing, together with his recommendations as to the findings of fact and the decision in the proceeding has been prepared and furnished to each party, and a reasonable opportunity has been afforded to each party to file written exceptions to such summary and proposed findings and decision *and to argue with respect to them orally and in writing* before all the members who are to participate in the decision. The agency's findings of fact may be made upon the basis of such summary and the filed exceptions thereto as herein provided. Whenever the ultimate decision of the agency is contrary to the recommendations of the person conducting the hearing, the decision shall include a statement of facts and ultimate conclusions relied upon in rejecting the recommendations of the hearing officer. The parties may by written stipulation waive compliance with this section. (Emphasis supplied.)

"To argue . . . in writing" means the filing of briefs. Thus, when the legislature amended sec. 194.14(3), Stats., in 1949, to permit the running of the sixty day limitation period to commence from the date set for filing briefs, sec. 227.12, Stats., required that the parties be given a reasonable time in which to file briefs with respect to a hearing examiner's proposed findings and decision, with the right in the agency, here the PSC, to set the briefing schedule.

By enacting ch. 414, Laws of 1975, the legislature replaced then existing sec. 227.12, Stats., by sec. 227.09(4), Stats., which provides:

Notwithstanding any other provision of this section, in any contested case, when a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposed decision is served upon the parties and an opportunity is afforded to each party adversely affected to file objections and

present briefs or oral argument to the officials who are to render the decision. The proposed decision shall contain a statement of the reasons therefor and of each issue of fact or law necessary to the proposed decision, prepared by the person who conducted the hearing or one who has read the record. The parties by written stipulation may waive compliance with this subsection.

Insofar as the sixty-day limitation period of sec. 194.14 (3), Stats., is concerned, this statutory change wrought by ch. 414, Laws of 1975, had no material effect on the procedure for filing briefs with respect to the proposed decision of a hearing examiner. Thus, as far back as 1949, in fact situations similar to the instant case, PSC procedure and sec. 227.12, Stats., provided for two possible briefing periods: one with respect to the transcript,[2] and the other with respect to the hearing examiner's proposed decision. We are unable to adopt the interpretation of sec. 194.14(3), Stats., made by the circuit court that the sixty day period commenced to run only from the briefing period with respect to the transcript, and not from the later briefing period with respect to the hearing examiner's proposed decision.

When the hearing examiner closed the last hearing on November 17, 1976, and set the briefing period for filing briefs with respect to his proposed decision, there was no PSC rule fixing the time for filing such briefs. There was, however, in existence sec. PSC 2.38(1)(b), Wis. Adm. Code, which provided in part, "In any case not specifically covered by this rule, the time and order for filing of briefs shall be fixed by the presiding commissioner or examiner."

Subsequent to November 17, 1976, the PSC promulgated sec. PSC 2.391(1), Wis. Adm. Code, effective February 7, 1977, which specifically recognized the

---

[2] See *State v. Cardinal Lines, Inc., Id.,* wherein the hearing examiner established a schedule at the close of the hearing for the submission of briefs on the transcript.

authority of a hearing examiner to fix the period for filing briefs with respect to the hearing examiner's proposed decision. This new rule reads:

> Where a proposed decision is prepared and circulated pursuant to section 227.09(2) or (4), Wis. Stats., objections thereto shall be filed within 15 days of service *unless a different period is specified by the hearing examiner* or commission. Such objections and briefs in support thereof shall be filed together and shall be governed by section PSC 2.38(2). (Emphasis supplied.)

The circuit court in its memorandum decision stated:

> The legislature has acted to require the Commission to make its finding and order within 60 days of the "submission of all evidence and after the date set for the filing of briefs or oral argument, whichever is later." The Commission, either by itself or by its examiner, cannot indefinitely delay its decision in a matter by utilizing the proposed decision procedure of sec. 227.09(2) as an unquantified "gap" in the statutes and rules.

It is true that the instant delay between February 7, 1977, when the briefing schedule with respect to the transcript expired, and April 19, 1977, when the hearing examiner's proposed decision was issued, results in a gap which the legislature probably did not intend when it amended sec. 194.14(3), Stats., in 1949. Such a gap could be very materially extended if a hearing examiner were to delay for many months beyond the expiration of the briefing schedule with respect to the transcript the issuance of his or her proposed decision. The legislature, however, created the gap and it is up to the legislature to correct it.

It is our task to harmonize and reconcile sec. 194.14 (3), Stats., and sec. 227.09(4), Stats., so as to avoid a construction that creates an inconsistency if a reasonable construction that does not do violence to the statutes

can be adopted.[3] We do so by holding that in the instant case the sixty day limitation period provided by sec. 194.14(3), Stats., commenced to run from the expiration of the briefing period for filing briefs with respect to the hearing examiner's proposed decision. As previously noted herein, the order of the PSC, which is the subject of this review, was entered well within sixty days from the expiration of such briefing period.

*By the Court.*—Judgment reversed and cause remanded with directions to enter a judgment affirming the PSC order of June 2, 1977.

---

[3] *Brunette v. Bierke*, 271 Wis. 190, 196, 72 N.W.2d 702 (1955).