HANSEN STORAGE COMPANY, Respondent-Petitioner,

v.

WISCONSIN TRANSPORTATION COMMISSION, as successor to Public Service Commission of Wisconsin, Appellant,

BRIGGS TRANSPORTATION COMPANY, Clairmont Transfer Company, Fore Way Express, Inc., Gross Common Carrier, Inc., Motor Transport Company and Neuendorf Transportation Company, Intervenors-Appellants.

Supreme Court

*No. 77–850. Argued April 1, 1980.—Decided May 6, 1980.*

(Also reported in 291 N.W.2d 534.)

For the respondent-petitioner there were briefs and oral argument by *William C. Dineen* of Milwaukee.

For the appellant the cause was argued by *Robert W. Larsen*, assistant attorney general, with whom on the brief were *Bronson C. La Follette*, attorney general, and *Daniel D. Stier*, assistant attorney general.

For the intervenors-appellants there was a brief by *John Duncan Varda, Michael S. Varda* and *DeWitt, McAndrews & Sundby, S.C.*, of Madison, and oral argument by *John Duncan Varda*.

WILLIAM G. CALLOW, J. This case involves an application by Hansen Storage Company (Hansen) for ad-

ditional authority under a contract motor carrier license. The application was denied by the Public Service Commission (PSC). On review under Chapter 227, Stats., the circuit court vacated the order of the PSC and ordered that the amended license be issued. The circuit court ruled that the amendment had been granted by operation of law, as provided in sec. 194.14(3), Stats., because the PSC's order was not issued within the sixty-day period specified in that section. The Transportation Commission, as successor to the PSC,[1] appealed the circuit court judgment to the court of appeals. The motor carriers intervening in the circuit court also appealed from the circuit court judgment. The court of appeals reversed the circuit court, holding that the statutory sixty-day period commenced from the close of the briefing period with respect to the hearing examiner's proposed decision and not, as the circuit court has held, from the close of the briefing schedule following the conclusion of the evidentiary hearing. The court of appeals concluded the PSC had acted within the required time and directed judgment be entered affirming the PSC's order. *Hansen Storage Co. v. Wis. Transportation Comm.*, 87 Wis.2d 385, 275 N.W.2d 360 (Ct. App. 1978). While we affirm the court of appeals' reversal of the circuit court's judgment, we direct that the case be remanded to the circuit court for a decision on the merits.

On June 22, 1976, Hansen applied to the PSC for expansion of its operational authority as a contract motor carrier. Briggs Transportation Company and five other motor carriers intervened in opposition to the application. Hearings were held on September 21 and November 10 and 11, 1976. At the close of the last day of the hearing at the request of counsel for the intervenors, the hearing examiner granted counsel time to file briefs on

---

[1] The Transportation Commission assumed responsibility for motor carrier regulations from the Public Service Commission on January 1, 1978. Chapter 29, sec. 1657(43)(a), Laws of 1977.

the evidence. Briefs were to be filed in accordance with the time limits as set forth in the PSC's rules. Under sec. PSC 2.38(1)(a), Wis. Adm. Code, Hansen was accorded fifteen days after the mailing of the transcript in which to file its brief with the hearing examiner, and the intervenors were accorded eight days "thereafter" in which to file reply briefs "which may be replied to within five days." Under this schedule, the deadline for filing briefs on the evidence with the hearing examiner expired February 7, 1977.

The hearing examiner also stated that, after the briefs on the evidence were filed, a proposed decision would be issued and sent to the parties. He stated the parties would have fifteen days thereafter in which to file briefs directed to the proposed decision. He concluded:

"The hearing and record will be considered closed when the time for filing objections and/or briefs expires and I am talking about the objections or briefs relating to the proposed decision."

Counsel for the intervenors then asked if the closing of the record "sets a date for the running of the 60 days." The hearing examiner replied, "[t]he proposed decision goes out; you have 15 days to comment on it. The end of the 15 days, the record is closed. Then, your 60 days starts." At that time no PSC rule had been promulgated establishing a briefing schedule following the hearing examiner's proposed decision. However, sec. PSC 2.38 (1)(b), Wis. Adm. Code, provided in part: "In any case not specifically covered by this rule, the time and order for filing of briefs shall be fixed by the presiding commissioner or examiner."

On April 18, 1977, Hansen served upon the PSC a "Demand for Issuance of Amended License," contending the PSC failed to issue its decision within the sixty days required by sec. 194.14(3), Stats. The next day the hearing examiner's proposed decision denying Hansen's appli-

cation was issued and mailed to the parties. The fifteen-day period for submitting objections and briefs with respect to the proposed decision expired on May 4, 1977, and on June 2, 1977, the PSC issued its order adopting the proposed decision of the hearing examiner.

The question presented is whether the statutory sixty-day period within which the PSC was required to issue its decision is computed from the expiration of the period for filing briefs with respect to the evidence which was February 7, 1977, or from the expiration of the period for filing briefs with respect to the hearing examiner's proposed decision which was May 4, 1977. If this sixty-day period began to run from the May 4 date, then the PSC's order denying Hansen's application was well within the sixty-day period.

Sec. 194.14(3), Stats., provides:

"The commission shall make its finding and issue its order on any such application within 60 days after submission of all evidence and after the date set for the filing of briefs or oral argument, whichever is later, submitted upon behalf of any party to such case. If the commission shall fail to make its finding and issue its order within the time herein prescribed, a grant of the certificate, license or amendment thereto shall thereupon issue by operation of the law."

The PSC was also required to process Hansen's application in compliance with the provisions of Chapter 227, Stats., Administrative Procedure and Review.[2] Sec. 227.-09(4), Stats. 1975, as enacted by Chapter 414, Laws of

[2] Sec. 194.34(1)(c), Stats., authorizes the commission to publish notice of an application for a license or amendment for the purpose of determining interested parties. If any interested party requests a hearing, the commission must set the proceeding for hearing before any determination can be made. Because of this hearing requirement, an application for a license or an amendment falls within the provisions of sec. 227.14(1). This section provides that any application for a license which must be preceded by notice and opportunity for hearing must also be conducted in

1975 (effective September 22, 1976, and hence applicable to this case),[3] provides:

"Notwithstanding any other provision of this section, in any contested case, when a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposed decision is served upon the parties and an opportunity is afforded to each party adversely affected to file objections and presents briefs or oral argument to the officials who are to render the decision. The proposed decision shall contain a statement of the reasons therefor and of each issue of fact or law necessary to the proposed decision, prepared by the person who conducted the hearing or one who has read the record. The parties by written stipulation may waive compliance with this subsection."

This section replaced sec. 227.12, Stats. 1973, which then provided:

"**Examination of evidence by agency.** Whenever in a contested case, or upon hearing ordered, it is impracticable for the members of the agency who participate in the decision to hear or read all the evidence, the final decision shall not be made until a summary of the evidence prepared by the person conducting the hearing, to-

accordance with those sections of Chapter 227, Stats., which apply to contested cases.

In addition to the requirements of Chapter 227, Stats., the commission must comply with more restrictive provisions in other statutes. Sec. 227.031, Stats. Thus compliance must be made with *both* sec. 194.14(3) and Chapter 227, Stats.

[3] The provision of sec. 194.14(3), Stats., mandating approval of an application by operation of law upon sixty days of commission inaction, is procedural in nature and does not vest an applicant with absolute rights. Thus sec. 227.09(4), Stats. 1975, governing commission procedure, applies retroactively to the case at bar. "[T]he general rule [is] that remedial and procedural statutes are retroactive unless the legislature has declared otherwise and they do not impair contract rights or vested rights." *Steffen v. Little,* 2 Wis.2d 350, 358, 86 N.W.2d 622 (1957).

gether with his recommendations as to the findings of fact and the decision in the proceeding has been prepared and furnished to each party, and a reasonable opportunity has been afforded to each party to file written exceptions to such summary and proposed findings and decision and to argue with respect to them orally and in writing before all the members who are to participate in the decision. The agency's findings of fact may be made upon the basis of such summary and the filed exceptions thereto as herein provided. Whenever the ultimate decision of the agency is contrary to the recommendations of the person conducting the hearing, the decision shall include a statement of facts and ultimate conclusions relied upon in rejecting the recommendations of the hearing officer. The parties may by written stipulation waive compliance with this section."

The change in statutory language worked no change that is relevant here in the procedure for filing briefs with respect to the proposed decision of a hearing examiner. Thus in fact situations similar to those presented by the case at bar, two possible briefing periods exist: one with respect to the evidence and one with respect to the hearing examiner's proposed decision.

Sec. 194.14(3), Stats., does not specify which briefing period triggers the running of the sixty-day period. The interaction of that statute with the provisions of Chapter 227, Stats., creates an ambiguity which must be resolved.[4] This court must ascertain the legislative intention as disclosed by the language of the sections in relation to their scope, histories, contexts, subject matters, and the object intended to be remedied or accomplished. *State ex rel. First National Bank & Trust v. Skow*, 91 Wis.2d 773, 779, 284 N.W.2d 74 (1979). Sec.

---

[4] "An ambiguity can be created by the interaction of two separate statutes as well as by the interaction of the various words and the structure of the statute itself." *Morrissette v. DeZonia*, 63 Wis.2d 429, 436, 217 N.W.2d 377 (1974).

194.14(3) and sec. 227.09(4), which deal with the same subject matter, must be harmonized if possible, *Madison v. Hyland, Hall & Co.*, 73 Wis.2d 364, 370, 243 N.W.2d 422 (1976) *appeal dismissed* 429 U.S. 953 (1976); we must attempt to give effect to each provision of the related statutes, *Estate of Fucela*, 26 Wis.2d 476, 480, 132 N.W.2d 553 (1965), and must avoid a construction that creates an absurdity. *Volunteers of America v. Industrial Comm.*, 30 Wis.2d 607, 616–17, 141 N.W.2d 890 (1966). Sec. 194.14(3) and sec. 227.09(4) are reconciled and harmonized by our holding that in the instant case the sixty-day limitation period provided by sec. 194.14(3) commenced at the expiration of the briefing period for filing briefs with respect to the hearing examiner's proposed decision.

Sec. 194.14(3), Stats., and sec. 227.09(4) evince a common policy of requiring the completion of the presentation of evidence, briefing, or argument before a decision may be issued. Sec. 194.14(3) requires the PSC to issue a decision within sixty days of the satisfaction of two conditions: (1) the submission of all evidence; and (2) passage of the date set for filing of briefs or oral argument, whichever is later. Sec. 227.09(4) requires that no decision be issued until after (1) a proposed decision is served upon the parties, and (2) an opportunity is afforded parties to file objections and present briefs or oral argument. The interpretation by the court of appeals, which we approve, preserves this policy. Sec. 227.07(6) requires that the record include the hearing examiner's proposed decision. Hansen's proposed construction, whereby the sixty-day period begins to run at the end of the briefing period with respect to the mailing of the transcript, would create the absurd result of requiring that the Transportation Commission's decision-making process begin before the record in the case had closed and must be rejected. By harmonizing

the statutes as we have done, so that "briefs or oral argument" submitted under sec. 227.09(4) are to be considered "briefs or oral argument" as provided in sec. 194.14(3), the sections' parallel structure is maintained and consistency is achieved.

■

Hansen argues that sec. 194.14(2), Stats.,[5] removes any need for an examiner's proposed decision. We disagree. Under sec. 194.14(2), the commission may elect to expedite the processing of applications by basing its decision on an oral or written summary. By authorizing the commission to "rely on an oral or written summation of the record" by the examiner, sec. 194.14 (2) removes the need for a transcript or electronic record of the hearing and relieves the commission of any requirement to make an original examination of the evidence. *See, e.g., Gateway City Transfer Co. v. Public Service Comm.,* 253 Wis. 397, 408, 34 N.W.2d 238 (1948). This section does not eliminate the requirement that a proposed decision be submitted. The section is not mandatory, but only permissive, and should not be read to require the commission in all cases to depart from the procedures established by Chapter 227, Stats.

■

We conclude the court of appeals correctly construed sec. 194.14(3), Stats., and sec. 227.09(4) to provide that the sixty-day limitation period provided by sec. 194.14(3) commenced to run from the expiration of the period for filing briefs with respect to the hearing examiner's proposed decision. Thus we affirm the court of appeals' reversal of the circuit court. Hansen's appli-

---

[5] Sec. 194.14(2), Stats., provides:

"Notwithstanding the provisions of chapter 227 the commission, when passing upon an application for a certificate, license or amendment thereto as provided for in this chapter, may, in making its decision thereon, rely on an oral or written summation of the record made by the person who has heard the testimony."

cation for additional authority was not granted by operation of law.

Hansen notes that the decision of the court of appeals remands this case with directions to enter a judgment affirming the PSC order denying its application. The case was adjudicated on procedural grounds. The merits of the PSC order were never considered by the circuit court and, therefore, were not subject to review by the court of appeals. Proper disposition of this case requires that it be remanded to the circuit court for a review of the PSC order denying Hansen's application. To this extent, we modify the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is modified and, as modified, is affirmed. Cause remanded to the circuit court for proceedings consistent with this opinion.