Samuel J. SWEET, M.D., Petitioner-Respondent,

v.

STATE of Wisconsin MEDICAL EXAMINING
BOARD, Appellant.

Court of Appeals

*No. 88–0396. Submitted on briefs September 6, 1988.—Decided
November 14, 1988.*

(Also reported in 433 N.W.2d 614.)

For the petitioner-respondent the cause was submitted on the briefs of *Peregrine Law Offices, S.C.,* with *David A. Roth,* of Milwaukee, and *Edward R. Cameron,* of Milwaukee.

For the appellant the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, by *William H. Wilker,* assistant attorney general, of Madison.

Before Sullivan, Fine and Brown, JJ.

SULLIVAN, J. The State of Wisconsin Medical Examining Board (the Board) appeals from a judgment vacating the order of the Board, which suspended Samuel J. Sweet, M.D.'s (Dr. Sweet) license to practice medicine for one year.

The circuit court determined that the Board lost jurisdiction of the subject matter by failing to render a decision within ninety days, as prescribed by sec. 448.02(3)(b), Stats.[1] We reverse.

In addition to the jurisdictional question, the Board argues on appeal that (1) its findings and decision are supported by substantial evidence, and (2) the sanction imposed upon Dr. Sweet was within the range delegated to it by law. However, the circuit court did not address these issues because it concluded that the Board lacked subject matter jurisdiction to render the December 4, 1987 decision and order. Since the circuit court did not discuss these issues, they are not subject to our review. *See Hansen Storage Co. v. Wisconsin Transp. Comm'n,* 96 Wis. 2d 249, 258, 291 N.W.2d 534, 538 (1980). Upon remand, the circuit court will hear and determine whether the Board's findings and decision are supported by substantial evidence and whether the penalty imposed by the Board was within the scope of its delegated authority.

The Board contends that the word "hearing," found in sec. 448.02(3)(b), Stats., includes proceedings

---

[1]The last sentence of sec. 448.02(3)(b) provides: "The board shall render a decision within 90 days following completion of the hearing."

subsequent to the testimonial hearing.[2] Because it rendered its decision within ninety days of these subsequent proceedings, the Board insists it had jurisdiction of the subject. To the contrary, Dr. Sweet argues, and the circuit court agreed, the Board's failure to render a decision within ninety days of the testimonial hearing deprived it of subject matter jurisdiction.

The facts are undisputed. On March 8, 1984, the Wisconsin Department of Regulation and Licensing (the Department) filed its complaint against Dr. Sweet. It charged him with intentionally making false statements in medical claim reports submitted to others in the course of his medical practice. The Department demanded that the Board determine whether Dr. Sweet's conduct was unprofessional and impose discipline upon him. Dr. Sweet filed an answer that created a contested case, a class 2 proceeding.[3] A

---

[2]Section 227.46(2), Stats., provides:

(2) In any contested case which is a class 2 or class 3 proceeding, where a majority of the officials of the agency who are to render the final decision are not present for the hearing, the hearing examiner presiding at the hearing shall prepare a proposed decision, including findings of fact, conclusions of law, order and opinion, in a form that may be adopted as the final decision in the case. The proposed decision shall be a part of the record and shall be served by the agency on all parties. Each party adversely affected by the proposed decision shall be given an opportunity to file objections to the proposed decision, briefly stating the reasons and authorities for each objection, and to argue with respect to them before the officials who are to participate in the decision. The agency may direct whether such argument shall be written or oral. If an agency's decision varies in any respect from the decision of the hearing examiner, the agency's decision shall include an explanation of the basis for each variance.

[3]Section 227.01(3)(b) states that:

testimonial hearing was held before a hearing examiner on June 1, 1987.[4] On September 14, 1987, the examiner filed a copy of his proposed decision with the Board. The Board heard oral argument pursuant to sec. 227.46(2), Stats., on November 18, 1987 and mailed its decision to the parties on December 4, 1987.

Because the facts are undisputed, the meaning of "the hearing" found in sec. 448.02(3)(b), Stats., presents a question of law. *See Mastercard v. Town of Newport,* 133 Wis. 2d 328, 330, 396 N.W.2d 345, 346–47 (Ct. App. 1986). We decide a legal issue without deference to the determination of the circuit court. *Id.* at 330–31, 396 N.W.2d at 347.

Section 448.02(3)(b), Stats., does not specify whether the testimonial hearing before the examiner or the subsequent proceedings before the Board, pursuant to sec. 227.46(2), Stats., triggers the running of the ninety-day period. *See* sec. 448.02(3)(b). The interaction of sec. 448.02(3)(b) and sec. 227.46(2) creates an ambiguity because reasonably well-in-

---

(3) "Contested case" means an agency proceeding in which the assertion by one party of any substantial interest is denied or controverted by another party and in which, after a hearing required by law, a substantial interest of a party is determined or adversely affected by a decision or order. There are 3 classes of contested cases as follows:

. . . .

(b) A "class 2 proceeding" is a proceeding in which an agency determines whether to impose a sanction or penalty against a party. "Class 2 proceedings" include the suspension or revocation of or refusal to renew a license because of an alleged violation of law. Any proceeding which could be construed to be both a class 1 and a class 2 proceeding shall be treated as a class 2 proceeding.

[4]No other officials of the agency were present at the hearing.

formed persons could disagree about which proceeding starts the time limit. *See Wisconsin Employers Ins. Co. v. Blue Cross & Blue Shield United,* 124 Wis. 2d 335, 344–45, 368 N.W.2d 838, 843 (Ct. App. 1985). This court must apply the rules of construction to determine the meaning of an ambiguity created by the interaction of the two statutes. *See id.* The rules of construction require this court to examine the statutory context, subject matter, scope, history and object to be accomplished in order to ascertain the intent of the legislature. *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985).

Under sec. 448.02(3)(b), if the Board finds probable cause to believe that a person is guilty of unprofessional conduct, the Board shall hold a hearing.[5] Section 448.09(2), Stats., allows a person aggrieved by the Board's action to seek judicial review as provided in ch. 227, Stats.[6] Under the circumstances of this case, sec. 227.46(2), Stats., requires the examiner to prepare a proposed decision in final form including fact findings and legal conclusions. This proposed decision is part of the record and is served upon the parties who, if adversely affected, may file an objection to the

---

[5]Section 448.02(3)(b), provides in part:

(b) After an investigation, if the board finds that there is probable cause to believe that the person is guilty of unprofessional conduct or negligence in treatment, the board shall hold a hearing on such conduct.

[6]Section 448.09(2) provides:

(2) Appeal. Any person aggrieved by any action taken under this chapter by the board, its officers or its agents' may apply for judicial review as provided in ch. 227, and shall file notice of such appeal with the secretary of the board within 30 days. No court of this state may enter an ex parte stay of any action taken by the board under this chapter.

proposed decision with authority for each objection and argue this before the officials who will render the decision. The agency may direct whether the argument shall be written or oral. The Board's decision then is rendered, and any variations from the examiner's decision must be explained. Reading, as we must, sec. 448.02(3)(b), Stats., along with sec. 227.46(2), Stats., we conclude that the word "hearing" includes not only the taking of evidence but also subsequent procedures mandated by sec. 227.46(2).

Generally, two statutes, which deal with the same subject matter, must be harmonized if possible. *See Hansen*, 96 Wis. 2d at 255–56, 291 N.W.2d at 537. To require the completion of all post hearing procedures within ninety days from the examiner's evidentiary hearing could require the Board to accomplish the impossible task of making its order before the examiner issued his decision. *See id.* at 256, 291 N.W.2d at 537.

Therefore, sec. 448.02(3)(b), Stats., and sec. 227.46(2) are harmonized by our holding that the ninety-day time period provided by sec. 448.02(3) commenced at the completion of the subsequent proceedings before the Board under sec. 227.46(2). In this case, the subsequent proceedings were completed on the date of the oral arguments before the Board, November 18, 1987.[7]

---

[7]Section 227.46(2), provides for objections to the hearing examiner's proposed decisions and argument regarding those objections. The argument may be oral or written. Therefore, the ninety-day period in sec. 448.02(3)(b), Stats., shall be triggered by the date of the oral arguments before the Board or on the date the last brief is timely filed.

In summary we hold that:

(1) The Board possessed subject matter jurisdiction because the ninety-day time limit of sec. 448.02(3)(b), Stats., ran from the date of oral argument before the Board, November 18, 1987, and that the December 4, 1987 decision was timely;

(2) the issues of the sufficiency of evidence to support the Board's findings and the propriety of the Board's sanction are remanded to the circuit court for resolution because that court failed to address the issue.

*By the Court.*—Judgment reversed and cause remanded.