The AVENUE, INC., Petitioner-Appellant,†

v.

Douglas LA FOLLETTE and the Office of the Secretary of State, Respondents-Respondents.

Court of Appeals

*No. 93–2963. Submitted on briefs February 22, 1994.—Decided March 30, 1994.*

(Also reported in 515 N.W.2d 339.)

†Petition to review denied.

410

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Mark P. Murphy* of *Suran & Suran* of Milwaukee.

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Alan Lee*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J.   The Avenue, Inc. appeals from an order dismissing its petition seeking to set aside an administrative dissolution by the Secretary of State's office. The Avenue argues that the circuit court erred in interpreting and applying §§ 180.1422 and 180.1423, STATS., by concluding that The Avenue's application for reinstatement to the Secretary of State was not timely and that the Secretary of State's decision was not reviewable. Because we conclude that The Avenue's application was untimely under § 180.1422(1), we affirm.

The relevant facts are undisputed. On August 31, 1990, the Secretary of State administratively dissolved The Avenue pursuant to § 180.1421(2)(b), STATS. The grounds for the dissolution were The Avenue's failure to: (1) file annual reports for the preceding three years, (2) notify the Secretary of State within one year that its registered agent had resigned, and (3) restore the corporation to good standing within ninety days of mailing of the notice of intent to involuntarily dissolve. *See* § 180.1420, STATS. The Avenue did not apply for reinstatement under § 180.1422, STATS., until March 12, 1993.[1] The Secretary of State determined that The Avenue's application should have been filed by Janu-

---

[1] Section 180.1422, STATS., states in relevant part:

**Reinstatement following administrative dissolution. (1)** A corporation that is administratively dissolved may apply to the secretary of state for reinstatement within 2 years after the later of January 1, 1991, or the effective date of dissolution. The application shall include all of the following:

(a) The name of the corporation and the effective date of its administrative dissolution.

(b) That each ground for dissolution either did not exist or has been eliminated.

(c) That the corporation's name satisfies s. 180.0401.

**(2)** (a) The secretary of state shall cancel the certificate of dissolution and prepare a certificate of reinstatement that complies with par. (b) if the secretary of state determines all of the following:

1. That the application contains the information required by sub. (1) and the information is correct.

2. That all fees and penalties owed by the corporation to the secretary of state have been paid.

Section 180.1422(1), Stats., as originally enacted provided for the application for reinstatement in the two years following dissolution. However, effective April 28, 1992, the legislature amended the date to two years after the later of the dissolution date or January 1, 1993. All parties agree that the changes are applicable, making The Avenue's relevant date under the stat-

ary 1, 1993, citing § 180.1422(1). It informed The Avenue by letter that the application for reinstatement was denied for failing to conform with § 180.1422(1) and (1)(c).

The Avenue appealed by petitioning the trial court to set aside the administrative dissolution under § 180.1423, STATS. The Secretary of State filed a motion to dismiss on the grounds that the petition failed to state a claim upon which relief could be granted. The court dismissed the petition, concluding that the application for reinstatement was not timely, there was no "denial" of the application by the Secretary of State, and therefore the trial court did not have authority to review the Secretary of State's decision under § 180.1423. It also concluded that even if it had the authority, the petition did not state grounds which would entitle The Avenue to reinstatement. The Avenue appeals.

The question whether the petition has stated a claim for relief is a question of law which we decide de novo. *Northridge Co. v. W.R. Grace & Co.*, 162 Wis. 2d 918, 923, 471 N.W.2d 179, 180 (1991). The petition will be dismissed only if it appears certain that no relief can be granted under any set of facts that the petitioner might prove in support of the allegations. *Id.* at 923, 471 N.W.2d at 180-81.

This case involves the interpretation of §§ 180.1422 and 180.1423, STATS. The interpretation of statutes is also a question of law which this court reviews de novo. *J.A.L. v. State*, 162 Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991). When interpreting stat-

ute January 1, 1993. The Avenue did not apply until March 12, 1993.

utes we first look at the language of the statute itself. *Id.* If the language clearly and unambiguously sets forth the legislative intent, this court is prohibited from examining other aids, such as the statute's history, context and subject matter to ascertain the statute's meaning. *Id.* at 962-63, 471 N.W.2d at 502.

As an initial matter, we address The Avenue's prayer for relief. The Avenue asks us to order the Secretary of State to reinstate the corporation. We have no authority to do so. Section 180.1423(4), STATS., states that the circuit court's decision may be appealed as in other civil proceedings. Section 808.09, STATS., governs the actions which this court may take in an appeal. This statute authorizes us to reverse, affirm or modify the order of the circuit court; it does not authorize us to order the Secretary of State to take any action. *Id.*

Addressing the merits of the appeal, we turn to the interpretation of § 180.1422(1), STATS. That subsection states that "[a] corporation . . . may apply to the secretary of state for reinstatement within 2 years after the later of January 1, 1991, or the effective date of dissolution." *Id.* The Avenue asserts that this subsection is silent concerning reinstatement beyond the designated period. It contends that subsection (2) requires reinstatement upon fulfillment of the conditions listed therein—none of which mentions a time limit for application. The Avenue concludes that when these subsections are read together, it is evident that the time requirement of subsection (1) is not jurisdictional and not meant by the legislature to be a prerequisite to reinstatement. In support of this interpretation of the statute, The Avenue relies heavily upon *Baltazor v. Walden,* 459 So. 2d 711 (La. Ct. App. 1984), which comparably interprets a similar Louisiana statute.

414

■ We reject The Avenue's argument and reasoning. The Secretary of State, an office created by the Wisconsin Constitution, is part of the executive branch of our state government. *See* § 15.02, STATS. As such, its objective is to carry out the programs and policies authorized by the legislative branch. *See* § 15.001, STATS. It is a longstanding rule that administrative departments and agencies, created by the legislature as another part of the executive branch, have only such powers as are expressly granted to them or necessarily implied from the legislature. *See Peterson v. Natural Resources Bd.,* 94 Wis. 2d 587, 592, 288 N.W.2d 845, 848 (1980). It follows that the Secretary of State is also limited to exercising only the authority expressly or impliedly granted by the legislature or the Wisconsin Constitution.

Although § 180.1422(1), STATS., is silent regarding the Secretary of State's authority beyond the designated period, this absence may not be interpreted as giving carte blanche to the Secretary of State to reinstate a corporation at any time it sees fit. Instead, we conclude that the legislature granted the Secretary of State the power of reinstatement only during the period designated in § 180.1422(1). In the absence of statutory authority to act, the Secretary of State and the trial court correctly concluded that the Secretary had no power to reinstate The Avenue's corporate status beyond January 1, 1993.

The Avenue also contends that the trial court should have reinstated the corporation because under § 180.1423, STATS.,[2] it could "take *any other action*

---

[2] Section 180.1423, STATS., provides in relevant part:

**Appeal from denial of reinstatement. . . .**

*which is appropriate*," regardless of the Secretary of State's determination, and "the equities herein favor reinstatement." It asserts that § 180.1423 "grants blanket authority to the trial court to reinstate a corporate status where it deems appropriate." We interpret this argument as stating that § 180.1423 gives the trial court authority to reinstate a corporation in its discretion and that the trial court misused its discretion in this instance.

■

Even if we were to agree with this interpretation of the statute, we hold that the trial court did not misuse its discretion in dismissing the petition.[3] This court will not reverse a discretionary determination by the trial court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision. *Steinbach v. Gustafson,* 177 Wis. 2d 178, 185, 502 N.W.2d 156, 159 (Ct. App. 1993).

The Avenue's petition and accompanying documents stated that it failed to apply for reinstatement within the designated period because "[i]t has just recently become apparent" that a shareholder who sold

---

(2) The corporation may appeal the denial of reinstatement to the circuit court for the county where the corporation's principal office or, if none in this state, its registered office is located, within 30 days after service of the notice of denial is perfected. The corporation shall appeal by petitioning the court to set aside the dissolution and attaching to the petition copies of the secretary of state's certificate of dissolution, the corporation's application for reinstatement and the secretary of state's notice of denial.

(3) The court may order the secretary of state to reinstate the dissolved corporation or may take other action that the court considers appropriate.

(4) The court's final decision may be appealed as in other civil proceedings.

[3] We do not imply that the Avenue's interpretation of § 180.1423, STATS., is correct.

her shares in 1985 was the registered agent and her home was also the registered office. Therefore, it did not receive notice of the dissolution. The court held that a corporation which failed to comply with statutory requirements and which was not even aware of the location of its registered office for seven years was "not an entity which should be afforded the benefits of the corporate form."

These reasons reflect a proper exercise of discretion on the part of the trial court. Although The Avenue sets forth additional factors in its brief which it states are relevant and in favor of reinstatement, these factors were not stated in the petition. The Avenue's "justifications" for missing the deadline which were before the trial court show a continuing disregard of its statutory obligations and offer no explanation for this neglect. Based on the facts before it, the trial court's decision was reasonable.

*By the Court.*—Order affirmed.