CASANOVA RETAIL LIQUOR STORE, INC., Plaintiff-Respondent,†

v.

STATE of Wisconsin, Defendant-Appellant.

Court of Appeals

*No. 95–1389–FT. Submitted on briefs August 14, 1995.—Decided September 19, 1995.*

(Also reported in 540 N.W.2d 18.)

†Petition to review denied.

947

949

On behalf of defendant-appellant, the cause was submitted on the briefs of *Alan Lee*, assistant attorney general, of Madison.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *Barry C. Lundeen* of Hudson.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   The State appeals an order that reinstated Casanova Liquor Store, Inc., as a Wisconsin corporation even though Casanova failed to file for reinstatement by the secretary of state within the statutorily allotted time period.[1] The circuit court granted the order on the grounds that § 180.1423, STATS.,[2] unambiguously gives the power to reinstate dissolved corporations in its discretion even if the application for

---

[1] This is an expedited appeal under RULE 809.17, STATS.

[2] Section 180.1423, STATS., provides:

Appeal from denial of reinstatement

(1)   If the secretary of state denies a corporation's application for reinstatement under s. 180.1422, the secretary of state shall serve the corporation under s. 180.0504 with a written notice that explains each reason for denial.

(2)   The corporation may appeal the denial of reinstatement to the circuit court for the county where the corporation's principal office or, if none in this state, its registered office is located, within 30 days after service of the notice of denial is perfected. The corporation shall appeal by petitioning the court to set aside the dissolution and attaching to the petition copies of the secretary of state's certificate of dissolution, the corporation's application for reinstatement and the secretary of state's notice of denial.

(3)   The court may order the secretary of state to reinstate the dissolved corporation or may take other action that the court considers appropriate.

(4)   The court's final decision may be appealed as in other civil proceedings.

reinstatement was untimely.[3] Because we conclude that § 180.1423(3) does not allow a circuit court to reinstate a corporation that failed to timely file an application for reinstatement, we reverse the circuit court.

The secretary of state administratively dissolved Casanova on June 22, 1991, by sending it a Certificate of Administrative Dissolution. Casanova was dissolved because it (1) had not paid the annual report fee within one year after it was due, and (2) had not delivered its annual report within one year after it was due.

Pursuant to § 180.1422(1), STATS.,[4] the secretary of state is only authorized to grant reinstatement within two years after the effective date of dissolution. There-

---

[3] We note that this court has confronted this issue once before in *Avenue, Inc. v. La Follette*, 183 Wis. 2d 409, 515 N.W.2d 339 (Ct. App. 1994). In that case, the petitioner argued that § 180.1423, STATS., "grants blanket authority to the trial court to reinstate a corporate status where it deems appropriate." *Avenue*, 183 Wis. 2d at 416, 515 N.W.2d at 342. We did not reach the issue because we held that the trial court did not abuse its discretion by dismissing the petition for reinstatement. We specifically stated "we do not imply that the Avenue's interpretation of § 180.1423, STATS., is correct." *Id.* at 416 n.3, 515 N.W.2d at 342 n.3.

[4] Section 180.1422(1), STATS., states:

(1) A corporation that is administratively dissolved may apply to the secretary of state for reinstatement within 2 years after the later of January 1, 1991, or the effective date of dissolution. The application shall include all of the following:

(a) The name of the corporation and the effective date of its administrative dissolution.

(b) That each ground for dissolution either did not exist or has been eliminated.

(c) That the corporation's name satisfies s. 180.0401.

fore, the last day on which Casanova could apply for reinstatement was approximately June 22, 1993. However, Casanova failed to apply until March 30, 1994. Consequently, the secretary of state informed Casanova it could not act upon the application because Casanova filed the application beyond the time allowed in § 180.1422(1).

Casanova initiated an action in circuit court seeking an order reinstating it as a Wisconsin corporation. The circuit court granted the order on the grounds that § 180.1423(3), STATS., gives it unlimited authority to reinstate corporations and that factual circumstances excused Casanova from applying for reinstatement within the time allowed by § 180.1422(1), STATS. The secretary of state appeals the circuit court's conclusion that § 180.1423(3) grants the court authority to reinstate a corporation when the corporation did not file a timely application with the secretary of state.

Our decision regarding the power conferred to circuit courts by § 180.1423(3), STATS., raises an issue of statutory interpretation. Statutory interpretation presents a question of law that we review de novo. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). Only if a statute is ambiguous are we permitted to look beyond the statutory language. *In re T.P.S.*, 168 Wis. 2d 259, 263, 483 N.W.2d 591, 593 (Ct. App. 1992). The interaction between two statutes can create an ambiguity.

---

In *Avenue, Inc. v. La Follette*, 183 Wis. 2d 409, 415, 515 N.W.2d 339, 342 (Ct. App. 1994), we held that § 180.1422(1), STATS., does not empower the secretary of state to grant a corporation reinstatement if the dissolved corporation does not apply for reinstatement within the specified time period.

*State v. Kenyon*, 85 Wis. 2d 36, 49, 270 N.W.2d 160, 166 (1978).

■

Section 180.1423, STATS., is ambiguous because it fails to specify whether a circuit court can reinstate a corporation if the corporation failed to file a timely application for reinstatement. Section 180.1423(3), STATS., seemingly grants the circuit court broad discretion to reinstate any corporation. However, § 180.1423(2), STATS., only allows a corporation to appeal the secretary of state's "denial of reinstatement" to the circuit court.[5] The interaction between these two subsections renders § 180.1423 ambiguous.

■

When construing a statute, we should consider its context. *Sweet v. Medical Exam. Bd.*, 147 Wis. 2d 539, 544, 433 N.W.2d 614, 616 (Ct. App. 1988). Casanova's broad interpretation of § 180.1423(3), STATS., isolates it from the rest of § 180.1423, as well as from § 180.1422, STATS. Read in its entirety, § 180.1423 provides several indications that it applies only to situations in which the secretary of state has made a discretionary decision to deny the application under § 180.1422. First, § 180.1423 is entitled "Appeal from denial of reinstatement." Next, subsec. (1) begins, "[i]f the secretary of state denies a corporation's application for reinstatement under s. 180.1422 . . . ." Finally, subsec. (2) begins, "[t]he corporation may *appeal the denial* of reinstatement to the circuit court . . . ." (Emphasis

---

[5] The secretary of state does not have the power to grant or deny reinstatement to an untimely application. The secretary of state cannot act on the application because the legislature has not granted it the power to consider untimely applications. *Avenue, Inc. v. La Follette*, 183 Wis. 2d 409, 415, 515 N.W.2d 339, 342 (Ct. App. 1994).

added.) We conclude that § 180.1423 provides an appeal to the circuit court only if the application to be reinstated to the secretary of state was timely and the secretary of state denied the application under § 180.1422.

Casanova's literal interpretation of § 180.1423(3), STATS., defeats the purpose of the time limit for reinstatement under § 180.1422(1), STATS., because under that interpretation a corporation could obtain a trial de novo in court at any time after a corporate dissolution. An interpretation making a closely related statute meaningless is an unreasonable interpretation. Courts should try to avoid an interpretation of a statute that renders any part of it superfluous. *State v. Sher*, 149 Wis. 2d 1, 9, 437 N.W.2d 878, 880 (1989). We may reject the literal reading of a statute if it leads to an unreasonable result. *See Bob Ryan Leasing v. Sampair*, 125 Wis. 2d 266, 268, 371 N.W.2d 405, 405-06 (Ct. App. 1985). We reject Casanova's interpretation as unreasonable.

Casanova's interpretation of § 180.1423(3), STATS., which gives a court unbridled discretion to reinstate a corporation, allows courts to encroach upon the power of an administrative agency.[6] The judicial branch may review an administrative agency's resolution of questions of fact and legal conclusions; however, the judicial branch is foreclosed from making legislative decisions itself. *See Pleasant Prairie v. Department of Loc. Aff.*, 113 Wis. 2d 327, 345, 334 N.W.2d 893, 902-03 (1983).

---

[6] Wisconsin courts have long recognized a rule prohibiting "the exercise of legislative, executive or administrative functions by the courts." *School Dist. No. 3 v. Callahan*, 237 Wis. 560, 579, 297 N.W. 407, 416 (1941).

Under Casanova's interpretation, a corporation would never have reason to apply to the secretary of state for reinstatement; the corporation could simply skip that step and go directly to court. Hence, the circuit court would become the branch in charge of reinstating corporations. Our interpretation avoids this result.

In conclusion, we hold that § 180.1423(3), STATS., is rendered ambiguous by its failure to specify whether it allows the circuit court to reinstate a corporation that fails to make a timely application for reinstatement to the secretary of state. We construe the ambiguous statute as not allowing a circuit court to reinstate a corporation under such circumstances because of its interplay with § 180.1422, STATS., its context and the undesirable consequences of a contrary construction.

*By the Court.*—Order reversed.